[Nicholson v. Moog & Co.]

# Nicholson v. Moog & Co.

### Action on Common Count, for Goods Sold and Delivered.

1. *Retiring partner; who liable as.*—When a merchant abandons his busi-ness, and allows it to be carried on in his name by a relative, under authority of the same revenue licenses, the same rule of liability applies, for debts afterwards contracted in his name, as in the case of a retiring partner.

2. *Same; liability of.*—A public advertisement, in the usual way, and to the usual extent, is sufficient to protect a retiring partner against liability to new customers, with whom he has had no previous dealings; but, as to per-sons with whom previous dealings have been had, notice of the dissolution or withdrawal must be specially addressed, or personally communicated to them; or it must be shown that they had adequate means of knowing the fact.

3. *Same; error without injury, in charge to jury.*—In an action against a retiring partner, when the evidence clearly shows that no notice whatever of the dissolution was given, either personally or by publication, a charge to the jury, instructing them that he was liable unless he gave public notice by advertisement, though erroneous, is no cause for a reversal, since it could have wrought no injury.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

This action was brought in the name of A. Moog & Co., late partners doing business as merchants in the city of Montgomery, against W. J. Nicholson; and was commenced on the 21st day of April, 1877. The complaint contained only the common count for the price of goods sold and deliv-ered on or before the 22d June, 1874, amounting to $78.29. The matters here assigned as error are, a charge given by the court, and several charges asked and refused, as to the defendant's liability for goods sold and forwarded by the plaintiffs, consigned to the defendant at Garland, after he had retired from business, and while the business was being carried on in his name by his brother, J. M. Nicholson. The opinion of the court states the material facts.

J. M. WHITEHEAD, for appellant.

STALLWORTH & BURNETT, *contra.*

SOMERVILLE, J.—The evidence in this case, as dis-closed by the bill of exceptions, shows, that the appellant, W. J. Nicholson, was carrying on a grocery business in Garland, Alabama, about the first of January, 1874, and that the appellees were merchants doing business about the same

time in Montgomery, Alabama. There had been no dealings between the parties, prior to the transactions involved in this suit, though there had been some correspondence between them by letter. In the latter part of February, 1874, the appellant abandoned the mercantile business, and turned it over to his brother, J. M. Nicholson, who continued to carry it on in the appellant's name, and under authority of the same licenses granted to appellant by the State and the United States. This was done with the knowledge of appellant, and without objection on his part. He gave no notice of his withdrawal from business, by publication or otherwise. The goods for the price of which this action was brought, were purchased in appellant's name, but without his direct authority. He made some payments on the account to appellees, and afterwards promised their attorney to pay it, though at the same time repudiating the authority of his brother to bind him by the purchase.

We think the same rule should apply in cases of this character, as to a retiring partner, each resting upon the same basis of implied agency, or of estoppel *en pais*. A notice by public advertisement, in a usual way, and to a usual extent, which is commonly designated in the books a "notice to the world," is sufficient to protect a retiring partner against new customers, with whom he has had no previous dealings. But, persons who have had such actual dealings, must have notice of dissolution, specially addressed, or personally communicated to them ; or, at least, adequate means of knowledge of the fact.—*Mauldin v. Br. Bank of Mobile*, 2 ¶Ala. 502 ; Parsons on Part. 412–13. Where the retiring partner consents, whether expressly, or by culpable silence, it matters not, for the business to be carried on in his name, and gives no notice of dissolution, he is still responsible for the debts contracted by the old firm, with one ignorant of the dissolution.—Parsons on Part. 414 ; *Amidown v. Osgood*, 24 Vt. 278 ; *Conro v. Iron Co.* 612 Barb. 56. This rule is based on the soundest legal reasons, as well as upon that high morality and honesty which courts of justice should delight to encourage in all commercial dealings and other transactions.

The charge of the Circuit Court, drawing a conclusion as to the appellant's liability, upon the hypothetical facts stated, unless he gave "notice to the world of his withdrawal," was erroneous. But, as the evidence clearly shows there was no notice given, either by public advertisement "to the world," or of any other kind personally, to the appellee, it was error without injury, and does not work a reversal in this court.

If, under the circumstances of this case, the goods were shipped, the defendant might have been liable, although they

[Ex parte Hubbard.]

were not received. Hence, the second charge requested by appellant was properly refused.

There is nothing in the other rulings of the Circuit Court opposed to the principles of law as above enunciated, and the judgment is therefore affirmed.