# Turner *v.* Wilkinson.

*Bill in Equity to have Absolute Deed declared Mortgage, and for Redemption and Account.*

72   361
96   379
72   361
101  422
72   361
108  545
72   361
111  624
72   361
122  618
72   361
125  148
72   361
137  381
137  332

1. *When absolute deed will be declared mortgage.*—In a court of equity, a conveyance of lands, absolute and unconditional on its face, will be declared and established as a mortgage, on clear and certain proof that the parties intended it should stand simply as a security for a debt: and this fact may be proved by parol evidence, or may be shown by a separate writing.

2. *Whether transaction is mortgage, or conditional sale.*—When the conveyance is absolute on its face, and the controversy is whether it was intended as a mortgage or an unconditional sale, the party asserting that it was intended as a mortgage must show, by clear and convincing evidence, that it was so understood and intended by the parties at the time of the original transaction; but, when it is admitted that the transaction was not, as the conveyance on its face imports, an absolute and unconditional sale, and it is doubtful whether it was intended as a mortgage or as a conditional sale, the court is inclined to consider and treat it as a mortgage.

3. *Same.*—The court states the tests of controlling importance in such cases, as laid down in former decisions, and declares the transaction in this case, when subjected to these tests, to have been intended as a mortgage, and not as a conditional sale.

4. *Protection extended to bona fide purchaser without notice.*—A purchaser in good faith, and for valuable consideration, of lands chargeable with an outstanding equity, of which he had no notice until after he had paid the purchase-money, will be protected against it in a court of equity.

5. *Mortgagee's liability for rents and profits.*—A mortgagee in possession, and in the perception of rents and profits, is held accountable for them as a trustee; and this principle is here applied against the grantee in an absolute conveyance, which is declared and established as a mortgage only, after he had sold and conveyed to a *bona fide* purchaser for valuable consideration without notice.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on 11th August, 1881, by Mrs. Mary E. Turner, against W. W. Wilkinson, Benjamin F. Kilgore, and John F. Barganier; and sought to have a deed for a tract of land executed by the complainant to said Wilkinson, which was absolute on its face, declared to be a mortgage, and for a redemption and account under it. A copy of the conveyance was not made an exhibit to the bill, and it was alleged

[Turner v. Wilkinson.]

that it had never been recorded; that it was executed in April, 1877, was intended only as a mortgage, and was given to secure the re-payment of $575, money advanced by said Wilkinson, for complainant, to one D. G. Dunklin, to effect a redemption of the land from sale under a f, rmer mortgage to said Dunklin, which had been foreclosed. The bill alleged, also, that the transactions with Dunklin were conducted, on the part of the complainant, by said Wilkinson and her father, as her agent, and that the instrument which she signed was represented to her to be a mortgage, and was so intended; that she afterwards discovered that Wilkinson, instead of taking a conveyance from Dunklin. to her, had taken a conveyance directly to himself; that he entered into the possession of the land soon afterwards, and continued in the possession, taking the rents and profits to his own use, until he sold a portion of the land to said John F. Barganier, and another portion to said Benjamin F. Kilgore, both of whom had notice of the complainant's asserted rights. On these allegations, the complainant prayed that an account might be taken of the debt due from her to said Wilkinson, and of the rents and profits with which the defendants were respectively liable; that the deed from Dunklin to Wilkinson be declared fraudulent and void, and be cancelled; that the complainant be permitted to pay Wilkinson any balance that might be found due to him; that the mortgage to him, or conveyance intended as a mortgage, be satisfied and discharged, and the legal title to the lands be vested in the complainant by the decree of the court.

An answer to the bill was filed by Wilkinson, denying that the conveyance from the complainant to him was intended as a mortgage, and alleging that the facts were these: that the complainant applied to him, before the expiration of two years from the mortgage sale at which Dunklin had bought the lands, for a loan of money to enable her to redeem from Dunklin, but he refused to lend or advance the money; that afterwards, more than two years from the sale having expired, being annoyed with the persistent importunities of the complainant and her father, he finally agreed to buy the land from Dunklin, at the price which he was willing to take, and to allow the complainant a further time to redeem it; that he did effect this arrangement, paid the money to Dunklin ($575), and took from him an absolute conveyance of the land; that he also agreed to let the complainant redeem the land at any time prior to March 1st, 1878, "and, to secure himself from any annoyance if she saw fit not to redeem, complainant also executed to him her deed of conveyance, with covenants of warranty, as will appear in evidence on the trial of this cause." He alleged that the complainant had never offered to redeem the land within

[Turner v. Wilkinson.]

the time agreed on, and insisted that she had lost all right of redemption, and that he held the land absolutely, free from any right or claim of redemption, as Dunklin held it at the time he sold and conveyed to respondent. Answers were also filed by Kilgore and Barganier, each claiming to be a purchaser for valuable consideration without notice.

On final hearing, on pleadings and proof, the chancellor held that the complainant was not entitled to any relief, and therefore dismissed her bill; and his decree is now assigned as error.

BUELL & LANE, and J. F. STALLINGS, for appellant.—As to the material facts in this case, there is no conflict in the evidece; and the only question is, whether the transaction between the parties was intended as a mortgage, or as a conditional sale. It is conclusively shown that the transactions commenced in an application for the loan of money; that the money was loaned, or advanced to Dunklin, for the complainant, to give her a longer time to redeem her land; that the conveyances were intended as security to Wilkinson for the money so loaned or advanced; and that the land was worth at least three times the sum advanced. These facts are all recognized *indicia* of a mortgage, and, when they concur, make out a very strong case.— *Williamson v. Culpepper*, 16 Ala. 211; *Locke v. Palmer*, 26 Ala. 362; *Turnipseed v. Cunningham*, 16 Ala. 501; *Crews v. Threadgill*, 35 Ala. 334; *Parish v. Gates*, 29 Ala. 254; *Eiland v. Radford*, 7 Ala. 724; *Hudson v. Isbell*, 5 Stew. & P. 67; *English v. Lane*, 1 Porter, 328; 47 Mo. 543; 65 N. C. 520; 15 Minn. 69; 59 Barbour, 651. If the evidence leaves it doubtful whether a mortgage or a conditional sale was intended, the court inclines to construe and treat it as a mortgage.—*Locke v. Palmer*, 26 Ala. 312; *McNeill v. Norsworthy*, 39 Ala. 156. Another fact is proved, which is irreconcilable with the idea of a conditional sale, and show; conclusively that the transaction was intended as a mortgage; the fact that complainant delivered between two and three bales of rent cotton, to Wilkinson or his agent, in payment of interest on the loan for the first year. This shows that there was a debt, recognized and existing; and it was entirely unnecessary that there should be a note, or other written evidence of it, when the defendant held the legal title to the property as security. Kilgore fails to make out the defense of a *bona fide* purchaser for value without notice.— *Wells v. Morrow*, 38 Ala. 125; *Jewett v. Palmer*, 7 Johns. Ch. 68; *Wormley v. Wormley*, 8 Wheaton, 449. If the defense of Barganier is made out, then Wilkinson becomes liable for the purchase-

[Turner v. Wilkinson.]

money received from him, with interest, and must apply it in reduction of the mortgage debt.

J. C. RICHARDSON, JOHN GAMBLE, and WATTS & SONS, *contra.* To sustain a bill like this, which seeks to change the character of an instrument under seal by parol evidence, the proof must be clear, consistent, and convincing, leaving no room for doubt or uncertainty.— *West v. Hendrix,* 28 Ala. 235; *Phillips v. Croft,* 42 Ala. 477; *Brantley v. West,* 27 Ala. 552; *Sewell v. Price,* 32 Ala. 98; *Harris v. Miller,* 30 Ala. 224; *Chapman v. Hughes,* 14 Ala. 220; *Robinson v. Farrelly,* 16 Ala. 477; *B. & L. Asso. v. Robertson,* 65 Ala. 386. Here, instead of this full measure of proof, the evidence is weak, meagre, and unsatisfactory. The conveyance is absolute on its face; and while the complainant swears that it was represented to her to be a mortgage, and was so intended by her, she does not state by whom the representation was made, nor prove that it was in fact made by any person; while the defendant denies that a mortgage was intended by him, and claims that it was " a straight-out purchase," with an agreement to let the complainant re-purchase within a specified time; and Harris, his agent, corroborates his statements. To establish the instrument as a mortgage, there must be the concurring intention of both parties at the time the transaction is entered into; and this certainly is not proved, when it is simply alleged by one party, and contradicted, in terms more full and explicit, by the other. Without an existing debt, there could be no mortgage; and can the court say, on the facts proved, that if the defendant should seek to establish and foreclose his conveyance as a mortgage, and the property should bring less than the amount paid by him, with interest, he could have a personal decree against the complainant for the balance? It is submitted that, on the facts proved, the transaction was a conditional sale, and not a mortgage.—Authorities above cited; also, Jones on Mortgages, § 256; *Conway v. Alexander,* 7 Cranch, 218; *McKinstry v. Conly,* 12 Ala. 678; *Flagg v. Mann,* 14 Pick. 467. This court will not, in any case, reverse the chancellor's decision on a question of fact, unless clearly convinced that he erred. *Rather v. Young,* 56 Ala. 94; *Bryan v. Hendrix,* 57 Ala. 387.

BRICKELL, C. J.—The purpose of the original bill, filed by the appellant, is the redemption of certain lands, which it is averred she conveyed by way of mortgage to the appellee, Wilkinson, as a security for the repayment of money borrowed. The conveyance to Wilkinson is, in form and terms, absolute and unconditional.

In a court of equity, the character of the conveyance must

be determined by the clear and certain intention of the parties; and if there be an agreement between them, that it shall operate as a security for a debt, it can and will operate only as a mortgage. The agreement may be expressed in the deed, or in a separate writing, or it may rest in parol; for it is now well settled, that, in equity, parol evidence is admissible to convert into a mortgage an instrument appearing on its face to be an absolute conveyance.—2 Brick. Dig. 271, § 316; *M. B. & L. Asso. v. Robertson,* 65 Ala. 472. When the conveyance is absolute, and the controversy is, whether the parties contemplated an unconditional sale or a mortgage, the party claiming that it was intended as a mortgage, if the fact is denied, must show by clear and convincing evidence that, at the time of the original transaction, it was intended and understood by both parties the conveyance should operate only as a security for a debt. 2 Brick. Digest, 271, §§ 318–22. But, when it is an admitted fact, that the transaction was not an absolute, unconditional sale, as the conveyance imports, and the controversy is, whether a mere mortgage or a conditional sale was intended, a court of equity is inclined to consider the transaction as a mortgage. For, by this construction, complete justice can be done to both parties; the mortgagee is secured in the payment of the money he may have loaned or advanced, with its accruing interest, and the mortgagor is protected in his equity of redemption; while, if the other construction was adopted, the time limited for the re-purchase must be precisely observed, or the right to reclaim the property is irretrievably lost; oppression could be exercised over the needy, and undue advantage taken of their distressed or embarrassed circumstances.—*Turnipseed v. Cunningham,* 16 Ala. 501; *Locke v. Palmer,* 26 Ala. 312; *Parish v. Gates,* 29 Ala. 254; *Crews v. Threadgill,* 35 Ala. 334; *McNeill v. Norsworthy,* 39 Ala. 156.

It is not pretended, in the present case, that the transaction between the parties was, as the conveyance on its face expresses, an absolute, unconditional sale. It is an admitted fact, that there was a cotemporaneous agreement, subjecting the conveyance to conditions or trusts not expressed upon its face. The point of contention is, whether a mortgage or a conditional sale was intended. The lands had been sold under a mortgage executed by the appellant, and purchased by Dunklin. The statutory period of redemption had expired, but Dunklin gave to the appellant the privilege of redeeming notwithstanding that fact, upon the same terms and conditions on which she could have been let in to redeem, if within due time she had asserted her rights. The amount of money necessary to effect the redemption was agreed upon and settled between the appellant and Dunklin. There had been negotiations between

[Turner v. Wilkinson.]

the appellant and Wilkinson, resulting in his furnishing the money to pay Dunklin; and it was paid to him by Harris, Wilkinson's clerk and agent. Dunklin executed to the appellant a quit-claim conveyance, and she executed to Wilkinson the conveyance now in question, and he gave to her a writing showing the agreement between them. The writing is not produced, and the only account of its absence is that given by the appellant (which is not denied); that at the request of Harris, the agent and clerk of Wilkinson, who seems to have taken an active part in all the transactions, she sent it to him, that Wilkinson might indorse upon it an enlargement of the time for redemption, but it was never returned to her. Parol evidence of its contents was introduced by both parties, without objection. The appellant states that she was to have two years to redeem the lands, paying the money advanced to Dunklin, in two equal installments. Harris states that she was to have until the fall of 1878 (a few months less than two years), to redeem; and that he has no recollection that she was to be forever barred, if within that period she did not redeem. Wilkinson does not state any thing in reference to this writing, further than a general denial that the conveyance to him was to be regarded as a mortgage. This is all the evidence in reference to the transaction, and it will be seen that it is very meagre, and not very satisfactory. There is, however, no material conflict between the appellant and Harris; they concur in the fact, that the appellant had a right to redeem upon the re-payment of the money advanced by Wilkinson. Whether by *redemption* the parties intended *re-purchase*, is matter of inference to be drawn from all the facts and circumstances.

Although it is difficult to establish fixed rules, by which to determine whether a particular transaction is a mortgage, or a conditional sale, there are some facts which are regarded as of controlling importance in determining the question. Did the relation of debtor and creditor exist, before and at the time of the transaction? or, if not, did the transaction commence in a negotiation for a loan of money? Was there great disparity between the value of the property, and the consideration passing for it? Is there a debt continuing, for the payment of which the vendor is liable? If any one of these facts is found to exist, in a doubtful case, it will go far to show a mortgage was intended. If all of them are found concurring, the transaction will be regarded as a mortgage, rather than a conditional sale, unless the purchaser, by clear and convincing evidence, removes the presumptions arising from them.—*Eiland v. Radford*, 7 Ala. 724; *Robinson v. Farrelly*, 16 Ala. 472; *Locke v. Palmer*, 26 Ala. 312; *Crews v. Threadgill*, 35 Ala. 334; *M. B. & L. Asso. v. Robertson*, 65 Ala. 382. All these *indicia*

of a mortgage are shown in the present case.   The parties were first brought into relationship by a negotiation for a loan of money—there was no proposition to buy, or to sell the lands; for, at the time when the negotiations commenced, the appellant had in them no alienable interest.   The money advanced was but little more, if so much, as one-third of the value of the lands.   There was no note or memorandum given for the payment of the money advanced to appellant, and that is always a circumstance which tends to show that a mortgage was not intended; for, generally, when there is no debt, there is no mortgage, and when there is a debt, there can not be a conditional sale.   But, that no evidence in writing of the debt is taken, is only a circumstance—it is not conclusive.—*Robinson v. Farrelly*, 16 Ala. 472; *Turnipseed v. Cunningham, Ib.* 501; *M. B. & L. Asso. v. Robertson*, 65 Ala. 382.   The value and weight of it as a circumstance depends upon all the facts and circumstances with which it is connected   The debt may exist, and may be capable of proof, though a bond, covenant, or note for its payment is not given ; and in this case, the transaction originating in a loan of money, the evidence of the loan proves the debt.   It was known to Wilkinson, that the appellant was not of ability to pay the money advanced, otherwise than from the lands; and of these he had an absolute conveyance.   Obviously, it would seem to the parties a rather useless ceremony, that a memorandum in writing of the debt should be given, when in his own hands, and under his own control, Wilkinson had all the property of the appellant which could be subjected to its payment.   If we concede that the least which may be said, in view of all the evidence, is, that there may be a doubt whether a mortgage or a conditional sale was intended, the doubt must be resolved in favor of the appellant, rather than to suffer her creditor to gain the unjust advantage of acquiring her lands for much less than their real value; an advantage, it may be remarked, he could not have gained, if he had dealt directly with Dunklin, who, upon the same consideration, would not have parted with the lands to any one else than the appellant.

A *bona fide* purchaser, upon a valuable consideration, of lands chargeable with an outstanding equity, of which he has no notice until after the payment of the purchase-money, a court of equity favors and protects, and will not divest him of the legal estate, or enforce the equity against him.   It is in this relation, the appellee, Barganier, stands.   He purchased from Wilkinson, upon a fair and valuable consideration, paying in full the purchase-money, and receiving a conveyance of the legal estate, without notice of the equity of the appellant.   But, while protection is afforded to him, Wilkinson must account for the purchase-money received from him, and the accruing in-

terest. He must also be charged with all. rents received by him. A mortgagee in possession, and in the perception of rents and profits, must account for them as a trustee.—*Powell v. Williams*, 14 Ala. 476; *Morrow v. Turney*, 35 Ala. 131.

The result is, the chancellor erred in decreeing the transaction was a conditional sale, and not a mortgage. The decree must be reversed, and a decree here rendered in conformity to this opinion.