[Glass v. Hieronymus Bros.]

# Glass *v.* Hieronymus Bros.

*Bill in Equity to have Deed Declared a Mortgage and for Redemption.*

1. *Deed absolute on its face declared a mortgage; parol agreement as between grantee and person for whom money was advanced valid and enforceable in court of equity.*—Where a purchaser of land, who has paid a part of the purchase money and holds a bond for title from the vendor, enters into a parol agreement with a third person to the effect that the latter, on advancing the balance of the purchase money due and unpaid, should receive from the vendor an absolute conveyance of the land and hold it as security for the money so advanced, with the reservation of the right by the original purchaser to redeem, such agreement is not void under the statute forbidding the establishment of parol trusts in lands (Code of 1896, § 1041); and such an agreement can be enforced in a court of equity. (*Moseley v. Moseley*, 86 Ala. 289, explained and the former opinion in the case of *Hieronymus Bros. v. Glass*, 120 Ala. 46, in reference thereto, modified.)

2. *Same; same.*—When the purchaser of land, who has paid a part of the purchase money and holds a bond for title from the vendor, transfers to a third person such bond for title, by writing duly attested, and upon the payment by said third person of the balance of the purchase money, the vendor executes to him a conveyance of the lands, the original purchaser can maintain a bill to have said conveyance from the vendor to said third person declared a mortgage and to be let in to redeem upon averments and proof that contemporaneously with, and as a part of, the transfer of the bond for title, there was a parol agreement between such purchaser and said third person, by which the latter was to advance the balance of the purchase money, and was to hold the conveyance from the vendor as security for the money so advanced, and the said purchaser was to have the right to redeem. (*Moseley v. Moseley*, 86 Ala. 289, explained, and the former opinion in the case of *Hieronymus Bros. v. Glass*, 120 Ala. 46, in reference thereto, modified.)

3. *Declaring conveyance absolute in form a conditional sale or mort-*

*gage; character of evidence.*—When a controversy arises as to whether a conveyance absolute in form was intended as a conditional sale or as a mortgage, the evidence must be clear and convincing to overturn the terms of the writing; but where a controversy is whether the transaction was intended as a conditional sale with the reservation of a right to repurchase, or as a mortgage, a court of equity inclines in favor of the latter construction, carrying with it the right of redemption.

APPEAL from the Chancery Court of Mobile.

Heard before the HON. THOS. H. SMITH.

The bill in this case was filed by the appellees, Hieronymus Bros., against the appellant, Adam Glass, E. Turner, H. Turner and T. Turner, to have a certain instrument which was, on its face, an absolute deed, declared a mortgage.

The bill as originally filed and as amended was demurred to, and the demurrers were sustained by the chancellor. An appeal was taken from this decree to the Supreme Court. Said decree was reversed and the cause was remanded. (120 Ala. 46). Upon the remandment of the cause the same demurrers were re-filed to the bill, which raised two questions: First, whether the alleged verified contract sought to be enforced was void under the statute of frauds, (Code of 1896, § 215, subd. 5); second, whether the said alleged verified contract was void under section 1041 of the Code of 1896, prohibiting the creation by parol of any trust in lands except such as results by implication of law.

By agreement of counsel filed in the cause on the 11th day of July, 1898, it was expressly agreed that all of the allegations of the bill should be taken as fully proven, with the single exception of that portion thereof which related to the agreement between the appellants and appellees, under which the money was advanced. It was alleged in the bill, and stipulated in said agreement, that the Mobile & Ohio Railroad Company was the owner of the land in question; that the Farmers Loan & Trust Company held a deed of trust thereto; that by a trilateral agreement among these companies and the Alabama Land & Development Company, the latter was

constituted the agent of the two former, for the sale of the property, and that under the power of attorney thus constituted, the Alabama Land & Development Company sold the lands in question to the Cassibrys, for the sum of $5,648.38. The Cassibrys, having paid a part of this purchase money, transferred in November, 1893, their interest in the property to Hieronymus Bros., made to them a part payment and assumed the payment of the balance then due upon the purchase money. Thereupon Hieronymus Bros. and the Alabama Land & Development Company entered into a written contract, whereby the property was sold to Hieronymus Bros. for the sum of $3,352.80, for which Hieronymus Bros. executed their three promissory notes, each for $1,117.60, and due, respectively, February 23d, March 23d, and August 23d, 1894, with interest at the rate of eight per cent. per annum; and the Alabama Land & Development Company, acting under the power of attorney already mentioned, executed and delivered to Hieronymus Bros. a bond for title to said property, Hieronymus Bros. having paid on account of these notes the sum of $257.65; their total indebtedness upon said purchase money amounting at the time of the transaction now in question to $3,479.80.

On May 18, 1894, Hieronymus Bros. executed to Adam Glass the following paper, which was set out in the bill of complaint: "For value received we hereby transfer, convey and assign to Adam Glass all our right, title and interest in the lands embraced in the foregoing instrument, and authorize the Alabama Land & Development Company to have a deed executed to said Adam Glass covering all the lands in said tract. (Signed) Hieronymus Bros." This transfer and assignment was indorsed on the written obligation held by Hieronymus Bros. to the Alabama Land & Development Company above referred to. On the same day, Adam Glass paid off the balance due from Hieronymus Bros. Having requested the Alabama Land & Development Company to have the property conveyed to Glass the company caused the Farmers Loan & Trust Company to convey the property to Glass, on May 18, 1894; and it

[Glass v. Hieronymus Bros.]

is this deed which complainants seek by the present bill to have decreed to constitute a mere security for the repayment to Glass of the money so advanced. The property was sold by Glass to the other defendants, but as the decree appealed from does not relate to this part of the case, it is unnecessary to do more than to state that the complainants, Hieronymus Bros. offered in their bill to ratify this sale and to accept the purchase money in lieu of the property.

The bill alleges that the payment by Glass was in response to an application by Hieronymus Bros. for the loan of this sum with which to make this payment, and was made under an agreement that Glass should advance the balance due upon the purchase money upon interest at the rate of ten per cent. per annum, and he took a conveyance of the property to stand as a mortgage to secure the payment of the money so advanced. This is the only allegation of the bill which is not admitted by the agreement of the counsel to be true, and is, therefore, the only allegation of the bill as to which any evidence was taken. The other facts of the case are sufficiently stated in the opinion.

Upon the final submission of the cause, upon the pleadings and proof, the chancellor overruled the demurrers which had been interposed, and rendered a decree declaring that the complainants were entitled to the relief prayed for and ordered accordingly. From this decree the defendant, Adam Glass, appeals, and assigns the rendition thereof as error.

PILLANS, TORREY & HANAW, for appellant.—The bill in this case is purely and simply a bill to have a deed absolute on its face declared to be a mortgage to secure an alleged loan. There is no question of a conditional sale in the case. Proof might thoroughly convince the court that there was a conditional sale; that is a sale with the verbal undertaking to purchase, but nevertheless no relief could be granted in such case under this bill.—*Douglas v. Moody,* 80 Ala. 61; *Swift v. Swift,* 36 Ala. 147.

Complainants are required to establish by clear, consistent, strong, convincing and stringent evidence that

produced an *abiding conviction;* that is, beyond all reasonable doubt, the truth of the allegations of the bill. *Reeves v. Abercrombie,* 108 Ala. 535; *Kraus v. Dreher,* 84 Ala. 319; *Perdue v. Bell,* 83 Ala. 396; *Mitchell v. Wellman,* 80 Ala. 60, and cases cited in the foregoing reports. It is not enough for the court to be convinced that the complainants understood and intended the transaction to be a loan and mortgage, but the court must also be convinced by the measure of proof above stated that the defendant Glass, also intended the transaction to be a loan and mortgage, and not an absolute deed.—*Reeves v. Abercrombie,* 108 Ala. 537; *Mitchell v. Wellman,* 80 Ala. 20; *Peoples v. Stolla,* 57 Ala. 59; *Adams v. Pilcher,* 92 Ala. 474; *West v. Hendrix,* 28 Ala. 226; *Sewell v. Price,* 32 Ala. 97.

GREGORY L. &. H. T. SMITH, *contra.*—In the investigation of any question of fact, the first important inquiry is as to where lies the burden of proof. In this class of cases it seems now to be thoroughly settled that where one party claims that the transaction is a mortgage, and the other party admits that the transaction was not fully expressed in the conveyance, but contends that the agreement was for a conditional sale, the chancery court leans strongly to the construction of the instrument as a mortgage.—*Reeves v. Abercrombie,* 108 Ala. 538; *Peagler v. Stabler,* 91 Ala. 308; *Daniel v. Lowery,* 92 Ala. 519; *Vincent v. Walker,* 86 Ala. 337; *Matthews v. Sheehan,* 69 N. Y. 590; *Morris v. Budlong,* 78 N. Y. 552; *Turner v. Wilkinson,* 72 Ala. 365; *Douglas v. Moody,* 80 Ala. 61.

SHARPE, J.—Stated generally the grounds for relief alleged in the bill are substantially, that the complainants being indebted for lands they applied to the appellant for a loan wherewith to pay the debt and that he agreed to and did lend them money for that purpose; that as part of the same transaction it was agreed that complainants to secure the loan should transfer to appellant their contractual interest in the lands and should cause their vendor to convey the title to appellant by a

deed to be absolute in form but which was to stand and
be considered only as a mortgage securing the loan; and
that pursuant to the agreement appellant by way of
making the loan, paid the complainants' debt to the ven-
dor who under complainants' authority conveyed by deed
to appellant.   It is further alleged in substance that ap-
pellant has repudiated the agreement and has sold the
land mainly on a credit to others made defendants to the
bill, who bought with notice of complainants' equities,
etc., and the bill prays to have the conveyance declared
a mortgage and that complainants be allowed to redeem
the lands or to have the unpaid purchase money due
from appellant's vendees, either paid or secured to com-
plainants.

From a decree sustaining demurrers to the bill an
appeal was taken to this court where the decree was re-
versed.   See *Hieronymus Bros. v. Glass et. al.* 120 Ala.
46.   The present appeal is by the defendant Glass alone
from a decree rendered after submission on bill, answers
and evidence.

It is urged in behalf of appellant that the bill be re-
considered, especially with reference to the statute
which prohibits the creation of parol trusts in land.
After doing so we hold to the opinion rendered on the
former appeal that the transaction alleged to have occur-
red between complainants and the appellant is within
the class which under our decisions is saved from that
statute by the established principle which allows a deed
absolute in form to be decreed a mortgage on parol proof
that it was so intended.

We are not assured, however of the necessity for modi-
fying the case of *Moseley v. Moseley* reported in 86 Ala.
Ala 279, as is proposed by the former opinion in this
case ,for the supposed conflict between the two cases is
not apparent.   From the report of the *Moseley case* it is
not clear that it involved a loan or more than an arrange-
ment between the parties whereby the original vendee's
place in a land purchase was assumed by a third person
who paid a balance due on the land in consideration of
receiving a conveyance which he verbally agreed should
be treated as a mortgage.   A mortgage can exist only as

10

security for a debt or liability, and if the arrangement between those parties left no obligation on the part of the first vendee to refund to the third person, then an agreement between the parties to call the conveyance a mortgage could not have made it such in fact. If the decision in *Moseley's* case was based on such a transaction its value as authority should not be impaired.

The theory of the present bill is that complainants borrowed the money and that its payment in discharge of complainants' debt for purchase money invested them with a perfect equity in the lands which interest together with the legal title passed to appellant as security for the loan. There can be no distinction in principle between such a case and that of *Parmer v. Parmer,* 88 Ala. 545, where a vendee holding a perfect equity in land was allowed to show by parol that a deed made by his vendor to his creditor, was intended to secure a debt held by the creditor and so to have a decree declaring the deed a mortgage.

Appellant's answer denies that he loaned the money and avers in substance that complainants requested him, to buy the lands and discharge their liability for purchase money which they were unable to meet. That accordingly he bought the lands for himself without any understanding or agreement that the conveyance to him should be held as a mortgage. It further avers that "while respondent as before stated determined to buy the lands mentioned as an investment that might be profitable, he verbally stated to one of the members of said firm of Hieronymus Bros. after deciding to buy the land for himself and pay the notes of respondents (complainants) that if they were able and would within 12 months pay him the purchase price for said lands with a profit on his investment of ten per cent., he would convey them the said lands." It adds that this was a mere gratuitous offer to the complainants and that three years passed without their offering to buy the lands from him, whereafter he sold them to the other defendants.

Referring to the evidence, it appears that the negotiation with appellant was conducted on the part of complainants by William T. Hieronymus, and besides those

two no one was present when the agreement was made. As to its terms their testimony is in direct conflict, that of Hieronymus being substantially in accord with the allegations of the bill, while that of appellant conforms to his answer with some variance. Instead of stating a gratuitous promise to convey to complainants on their paying him in one year the purchase money with ten per cent., he testifies that William T. Hieronymus asked him to buy the lands saying he had a customer to whom he could sell within three months within which time he would buy them back with ten per cent. added to the money. Adopting the language of his deposition he further says: "Several days after that Hieronymus came back. I told him I was willing to buy said lands, and that I would give him a year to dispose of it and I was to take my money with the ten per cent. added and pay the taxes for that year," which proposition he says was accepted by Hieronymus. This promise if made as stated was before the money was paid or the conveyances executed, and would not be taken as gratuitous but would be considered as entering into the consideration for the conveyance which followed. If appellant's version be the true one the agreement was for a sale upon condition that complainants should have the right to purchase or resell. Such an agreement could not be enforced herein for the double reason that it lacks the written evidence required by statute and that the bill is not framed for such relief.

But apart from its effect as a defense, appellant's statement of the trade amounts to an admission on his part that the writings did not evidence the whole agreement, and this admission affects materially the determination of issues like the present. Where the writings must be departed from entirely in order to find the full agreement, and where, as here, the issue is reduced to whether it was for a right to repurchase or a right to redeem, the rule which requires stringent proof to supplant a deed absolute in form by a verbal mortgage becomes at once relaxed, and its place is taken by another rule which, though not relieving the complainant from the burden of proving his case, yet inclines the court in

favor of the right of redemption and, therefore, to con-sider the transaction as a mortgage.—*Crews v. Thread-gill*, 35 Ala. 334; *Turnipseed v. Cunningham*, 16 Ala. 501; *Locke v. Palmer*, 26 Ala. 312; *Turner v. Wilkinson*, 72 Ala. 361; *Douglass v. Moody*, 80 Ala. 61; *Peagler v. Stabler*, 91 Ala. 308; *Daniels v. Lowery*, 92 Ala. 519; *Reeves v. Abercrombie*, 108 Ala. 535.

In *Turner v. Wilkinson, supra,* the absence of written evidence of the debt was considered a material but not a conclusive circumstance in determining whether a debt existed. The fact that the grantee of property had by the conveyance security in his own hands, was deemed sufficient in connection with other circumstances to account for his failure to take a note or other written memoranda of the debt.

In this case on the subject of the alleged loan William T. Hieronymus testifies that appellant applied to him for payment long after the agreement. He is corrobor-ated by two other witnesses who testify to statements made by appellant tending to show that he held the com-plainants as his debtors. All this is opposed by appel-lant's testimony. For corroboration on this point he relies on his shop books which were introduced and on the testimony of his bookkeeper to effect that no change was made on his books of such a loan, but that the land payment was there entered as an investment.

Some witnesses other than those referred to were ex-amined for the complainants but such competent testi-mony as they furnish, is in the main contradicted and relates to circumstances which do not weigh strongly for either party.

By uncontradicted evidence it is shown that the lands were worth nearly or quite double the amount paid by appellant. In cases of this nature, such a fact is usual-ly considered as having an important bearing in favor of the mortgage theory. Authorities *supra*.

Equity favors the right of redemption when it is doubtful whether a mortgage or a conditional sale was meant, for the reason that by it no hardship will fall on either party. Here, while the evidence is not fully con-vincing on the issue, it seems to preponderate in favor of

the complainants, and applying to it the rules referred to we are brought to concur with the chancellor in the conclusion that they are entitled to relief.

Let the decree be affirmed at appellant's cost.

Affirmed.

