[Rose v. Gandy.]

# Rose v. Gandy.

*Bill in Equity to have Aboslute Deed declared a Mortgage and for Redemption.*

1. *Whether transaction is mortgage, or conditional sale.*—When a conveyance is absolute on its face, and the controversy is whether it was intended as a mortgage or an unconditional sale, the party asserting that it was intended as a mortgage must show, by clear and convincing evidence, that it was so understood and intended by the parties at the time of the original transaction; but, when it is admitted that the transaction was not, as the conveyance on its face imports, an absolute and unconditional sale, and it is doubtful whether it was intended as a mortgage or as a conditional sale, the court is inclined to consider and treat it as a mortgage.

2. *Same; same; facts to be considered in determining whether a conveyance is a mortgage or a conditional sale.*—In determining whether a particular transaction is a mortgage or a conditional sale it should be considered as to whether the relation of debtor and creditor existed at and before the time of the transaction; or if not, had the transaction commenced in a negotiation for the loan of money, was there great disparity between the value of the property and the consideration passing for it, was there a debt continuing for the payment of which the vendor was liable. If any one of these facts exists, in a doubtful case, it will go far to show that a mortgage was intended, and if all of them are found to concur, the transaction will be regarded as a mortgage rather than as a conditional sale, unless the purchaser by clear and convincing evidence removes the presumption arising from them.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellee, Felix Gandy, against the appellant, T. L. Rose. The facts of the case necessary to an understanding of the deci-

sion on the present appeal are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for and so ordered. From this decree the respondent appeals, and assigns the rendition thereof as error.

LANE & CRENSHAW, for appellant, cited *Douglas v. Moody,* 80 Ala. 66; *Glass v. Hieronymus,* 125 Ala. 140.

POWELL & HAMILTON, *contra,* cited *Turner v. Wilkinson,* 72 Ala. 361; *Douglas v. Moody,* 80 Ala. 61; *Daniels v. Lowery,* 92 Ala. 519; *Reeves v. Abercrombie,* 108 Ala. 535; *Glass v. Hieronymus Bros.,* 125 Ala. 147.

TYSON, J.—The bill in this cause was filed to have two certain deeds, absolute in form, executed by complainant to respondent, declared mortgages and to be allowed to redeem the lands conveyed by them. One of them was executed on the 5th day December, 1892, and conveys a tract of land comprising eighty acres and fifty-eight one-hundredths of an acre for a recited consideration of two hundred dollars. The other bears date the 28th of January, 1893, and conveys one acre of land with all the improvements, buildings, etc. thereon for the consideration of fifty dollars. The answer admits that the transaction resulting in the execution of the deeds originated in a loan of money and that contemporaneously with their execution it was orally understood and agreed between the parties that the complainant, if he desired, at any time within three years might re-purchase said lands by paying the purchase money back, all taxes and accrued interest. It is further alleged that the lands were conveyed by complainant to respondent in extinguishment of the debt due by the former to the latter, etc., etc.

It will be observed that the case is not one involving the issue whether the conveyances were intended

as mortgages or unconditional sales. It is whether from the understanding between the parties the complainant should have the right to re-purchase or to redeem. In other words, whether the deeds were intended as mortgages or conditional sales. It is important that this distinction should not be lost sight of since the degree of proof required is different. For when the conveyance is absolute and the controversy is whether the parties contemplated an unconditional sale or a mortgage, the party claiming that it was intended as a mortgage must show by clear and convincing evidence, that at the time of its execution it was intended and understood by both parties that it should operate only as a security for a debt. But where the writings must be departed from in order to ascertain the true transaction between the parties, the rule is not so stringent. While the complainant in the latter case is not relieved of the burden of proving his case, yet the court will be inclined to favor the right of redemption and, therefore, to consider the transaction as a mortgage. "For by this construction, complete justice can be done to both parties; the mortgagee is secured in the payment of the money he may have loaned or advanced, with its accruing interest, and the mortgagor is protected in his equity of redemption; while if the other construction was adopted, the time limited for the repurchase must be precisely observed or the right to reclaim the property is irretrievably lost; oppression could be exercised over the needy, and undue advantage taken of their distressed or embarrassed circumstances."—*Turner v. Wilkinson*, 72 Ala. 361; *Glass v. Hieronymus Bros.*, 125 Ala. 140, 148, and cases cited.

"Although it is difficult to establish fixed rules, by which to determine whether a particular transaction is a mortgage, or a conditional sale, there are some facts which are regarded as of controlling importance in determining the question. Did the relation of debtor and creditor exist, before and at the time of the transaction? Or, if not, did the transaction commence in a negotiation for a loan of money? Was there great disparity between the value of the property and the

consideration passing for it? Is there a debt continu-
ing for the payment of which the vendor is liable? If
any one of these facts is found to exist, in a doubtful
case, it will go far to show a mortgage was intended.
If all of them are found concurring the transaction
will be regarded as a mortgage, rather than a condi-
tional sale, unless the purchaser by clear and convinc-
ing evidence removes the presumptions arising from
them."—*Turner v. Wilkinson, supra.*

In the application of the foregoing principles to the
facts of this case, as we deduce them from the testi-
mony, it may be well to consider the two transactions
between the parties separately since there appears
some slight difference in the testimony bearing upon
the issues involved. As to the deed last made, convey-
ing the house and lot, there can be little doubt but that
it was intended as a mortgage. The transaction com-
menced in the negotiation for a loan of money. There
was great disparity between the value of the property
and the consideration passing for it. The complain-
ant was allowed to remain all these years in the un-
disturbed possession of it, without paying one cent
for its use and occupation, a fact of great significance,
entirely incompatible with the idea that he had a mere
right to repurchase, but entirely consistent with the
theory that the deed was intended as a mortgage and
was so regarded by both parties. It is true no note
or bond was taken evidencing a promise to repay the
money loaned but this is not conclusive that no debt
existed.—*Glass v. Hieronymus, supra.* It is only a
circumstance, the value and weight of which depends
upon all the facts and circumstances with which it is
connected. In this case, in view of all the circumstan-
ces surrounding the transaction, the relation of the
parties to each other, the subsequent conduct of the
parties with reference to the property itself, and the
statement made by respondent to Pilley, we cannot
but regard it as of little significance.

As to the deed to the eighty acres of land, the evi-
dence shows, that the relation of debtor and creditor

[Bynum v. Hewlett.]

existed between the parties before and at the date of its execution. It is true the complainant testifies that he owed the respondent nothing at the date the deed was made, but in this he was clearly .mistaken. It is also true that he says he did not know what was in the deed except what the respondent told him and that he was told the paper was "to keep anybody from beating him out of the land." This is denied by the respondent in his testimony. It is very clear that the complainant, being ignorant, unable to read and write, did not fully understand the transaction. However, we feel quite safe in saying that he did not understand that he was parting with the title to his land, as upon a conditional sale, and, it may be, that he did not fully .comprehend that he was making a mortgage upon it. He is illiterate and was in the service of the respondent, who was an intelligent man, and doubtless trusted the matter to him. Indeed this is fairly deducible from their mode of dealing, with reference to the wages of complainant, and other transactions between them as shown by the evidence. We do not think the fact that the complainant did not fully understand the transaction, when taken in connection with the relation of the parties to each other and their respective degrees of intelligence, should be allowed to defeat the complainant's right to redeem, in face of the other facts and circumstances shown by the evidence.

Affirmed.