# Shreve *v.* McGowin.

*Bill in Equity to Declare a Deed to Be a Mortgage.*

1. *Statute of frauds; when deed declared a mortgage; parol evidence.*—Parol evidence is admissible to show that, at the time of the execution of a deed absolute on its face, the relation of debtor and creditor existed between the grantor and the grantee, and that the deed was intended by the parties to operate merely as a security for the debt; if this be shown, the statute of frauds has no application.

2. *When absolute deed held mortgage; mortgages.*—Where land is conveyed by an absolute deed, but is intended by the parties as security only, it is, in equity, a mortgage. To be so construed, it is not necessary that there be an absolute covenant to repay money loaned by the grantee, if it be made clear that repayment was intended.

[Shreve v. McGowin.]

3. *Assumpsit; money paid.*—If one, who owes a debt, by any contrivance causes another to pay it, the action for money paid will lie against him.

APPEAL from the Chancery Court of Escambia.

Heard before the Hon. W. L. PARKS.

No statement of facts is deemed necessary in this cause.

MILTON A. RABB, for appellant.—The existence of a debt is absolutely necessary before a deed absolute on its face can be declared a mortgage.—*Vincent v. Walker*, 86 Ala. 333; *Douglas v. Moody*, 80 Ala. 61; *Mitchell v. Wellham*, 80 Ala. 16; *Peeples v. Stolla*, 57 Ala. 53. Reserving the right to re-purchase at a fixed day does not convert an instrument, otherwise purporting to be a conditional sale, into a mortgage.—*Hayne v. Robertson*, 58 Ala. 37; *Logwood v. Hussey*, 60 Ala. 417. The fact that the grantor alone intended that a deed should operate as a mortgage, is insufficient.—*West v. Hendrix*, 28 Ala. 226; *Douglas v. Moody*, 80 Ala. 61.

LEIGH & LEIGH, *contra.*—Patrol testimony to show that a deed, absolute on its face, was intended as a mortgage, is admissible, and the statute of frauds has no application.—*Hieronymous v. Glass*, 120 Ala. 46; *Giddens v. Powell*, 108 Ala. 621; *Elston v. Comer*, 108 Ala. 76; *Kramer v. Brown*, 114 Ala. 612; *Williams v. Reggan*, 111 Ala. 621. The averments of the bill were sufficient to show that the deed was intended as a mortgage, and should be so construed.—*Kennen v. Holloway*, 16 Ala. 53; *Rountree v. Holloway*, 13 Ala. 357; 20 A. & E. Enc. Law., (2d ed.), 943; 3 Mayf. Dig. 846, par. 23.

DOWDELL, J.—The appeal in this case is taken from the decree of the chancellor overruling the demurrer to the bill. The purpose of the bill is to have a deed absolute on its face declared a mortgage, and to let in the complainant to redeem. There are two questions raised by the demurrer; first, whether the bill shows any relation of creditor and debtor to exist between the com-

plainant and respondent; and, therefore, whether there is a mortgage; and secondly, the statute of frauds.

As to the second proposition, if the averments of the bill are sufficient to show that the relation of creditor and debtor did exist at the time of the execution of the deed, and that the deed though absolute on its face was intended by the parties to operate as a security for the debt, and all of which may be done by parol, then the statute of frauds had no application.—*Hieronymous Bros. v. Glass,* 120 Ala. 46; *Giddens v. Powell,* 108 Ala. 621; *Elston v. Comer,* Ib. 76; *Williams v. Reggan,* 111 Ala. 621; *Kramer v. Brown,* 114 Ala. 612.

In the fifth paragraph of the bill it is averred that, being indebted to J. E. Brawner and Henry Opp, who were pressing for the payment of their claims, and being in need of money to pay the same, complainant "Arranged with the said J. E. Shreve, to pay and satisfy orator's debts to the said J. E. Browner and Henry Opp, and the said J. E. Shreve paid and satisfied said debts to the said J. E. Browner and Henry Opp, on to-wit, the 15th day of May, 1903, and orator to secure the said J. E. Shreve did, on the 15th day of May, 1903, by absolute deed of conveyance, in which orator's wife joined, convey to the said J. E. Shreve in fee simple the following described lands," etc. It is averred, also, that the consideration for said deed was the payment by said Shreve of complainant's indebtedness to Brawner and Opp, and that was the only consideration.

In paragraph 6 of the bill it is averred, "That said deed of which, Exhibit C. is a copy, although it appears to be absolute on its face, was not intended by orator and the said J. E. Shreve to be such, but it was at the time of the making of said deed expressly understood and agreed between orator and the said J. E. Shreve that the said deed and the said premises thereby conveyed were to be held as security merely for said consideration, and that orator should have until, to-wit, the 1st day of January, 1904, to redeem said land," etc.

In the note to the case of *Strieby v. Clinton Hill Lumber & Mfg. Company,* 1 Am. & Eng. Decisions in

Equity, page 534, where will be found a collation of authorities, it is said: "Where land is conveyed by an absolute deed, but is intended by the parties as a security for the payment of money or the performance of an act by the grantor, or someone for whom he becomes responsible, it is in equity a mortgage.  The form is immaterial, the test is found in the intention that the deed shall be a security. * * * * * To constitute a deed a mortgage it is not necessary that there be an absolute covenant to repay the money loaned by the grantee, if it be clear that by the agreement, pursuant to which the deed was executed, repayment was contemplated."

As insisted by counsel in argument for appellee, it is averred in positive terms that complainant procured the respondent Shreve to pay complainant's indebtedness to Brawner and Opp; and to secure Shreve for the amount so paid, the complainant executed to him an absolute deed, but that it was agreed and understood at the time between the complainant and Shreve that the deed should stand *merely as a security* for the amounts paid by Shreve to Brawner and Opp, and that complainant should have the right to *redeem* the land.  The money paid to Brawner and Opp was for debts due from the complainant to them, and was paid by the respondent Shreve at the instance and request of the complainant.

No question of law is better settled in this State than that "If one who owes a debt, by any contrivance causes another to pay it, the action for money paid will lie against him."—2 Mayfield's Dig. page 252, § 254.

The bill here by its averments shows that the money was paid to Brawner and Opp at complainant's request, and, being paid at his request, created an obligation on his part to repay.  Certainly to secure Shreve for the payment of his money, if a plain mortgage had been given there could be no question of the relation of creditor and debtor.  The fact that the security was taken in the form of an absolute deed does not alter the principle involved.  On the facts averred in the bill, there would be nothing to prevent Shreve from enforcing his security by a bill to foreclose.

[Sadler, *et al.* v. Jefferson, *et al.*]

Our conclusion is that the chancellor on the allega-
tions in the bill, which were taken as confessed on the
demurrer, committed no error in his decree overruling
the demurrer.

Affirmed.

McCLELLAN, C. J., SIMPSON, and DENSON, J. J., con-
curring.