[Irwin, et ux v. Coleman, et ux.]

# Irwin, *et ux. v.* Coleman, *et ux.*

## Bill to Declare a Deed a Mortgage and to Redeem.

(Decided May 11, 1911.  Rehearing denied June 8, 1911.
55 South. 492.)

1. *Pleading; Amendment; Departure.*—Where both bills relate to the same subject matter, or transactions between the same parties, an amended bill is not a departure from the original bill, under section 3095, Code 1907.

2. *Mortgages; Deed as Mortgage; Character of Transaction.*— Where the relation of debtor and creditor exists at the time of the execution of a deed absolute on its face, or where the transaction commences in a negotiation for the loan of money, or where there is a great disparity in the value of the property conveyed and the consideration paid, or where there is a debt continuing for the payment of which the grantor is liable, the transaction is regarded as a mortgage rather than a conditional sale unless the purchaser overcomes these facts by clear and convincing proof.

3. *Same.*—As between a conditional deed and a mortgage, in case of doubt, the court will always lean toward the mortgage.

4. *Same; Fraud.*—Where the complainants, ignorant people, applied to the repondent for a loan and executed an agreement that in consideration of the loan and the interest to be charged thereon they had sold certain property to defendant, which agreement contained stipulations as to interest and payment, and a stipulation by the defendant to reconvey the land to complainant upon payment of the loan, and complainants executed notes to the defendant, and ignorantly signed a paper represented as a copy of their agreement, but which was in fact a deed conveying the property to the defendant, complainant was entitled to have the deed cancelled and declared to be a mortgage.

5. *Same; Existence of Debt.*—Where the complainants, on execution of a deed to respondent procured respondents to assume their indebtedness to a loan association, the existence of a debt on the part of the respondent to be secured by the conveyance, is to be considered in determining whether the conveyance was a deed or mortgage.

6. *Landlord and Tenant; Estoppel; Title; Dealings With.*—The fact that while in ignorance and in distress at her husband's illness, one of the complainants agreed to pay and did pay rent to a grantee of respondent, who had notice of the transaction between defendant and complainant, and of complainant's interest and equities in the land conveyed, does not estop complainants from seeking a cancellation of their deed to defendant, and to have the deed declared a mortgage.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Daniel Coleman and wife against S. W. Irwin and wife for the cancellation of a deed, to declare it a mortgage, and for other relief. Decree for complainants, and respondents appeal. Affirmed.

The agreement noted in the opinion is dated March 26, 1909, and is executed by S. W. Irwin and Daniel and Mattie Coleman, and asserts in effect that for and in consideration of the sum of $300 Irwin has sold to Coleman and wife certain described land in the city of Decatur, for which the parties of the second part have executed several promissory notes bearing even date therewith, and due and payable at S. W. Irwin's office, with interest at 8 per cent per annum, payable monthly, to be paid $10 per month, with interest for 30 months. Then follow covenants, stipulations, and agreements on the part of Irwin to convey to the complainants the land upon full performance by them in the payment of the notes and interest. Then follow certain stipulations on the part of Coleman to keep the house insured, to pay all state, county, municipal, school, or other taxes, to keep the premises in good repair, and upon failure on their part to keep and perform all the conditions contained in the agreement the same shall work a forfeiture, with the right in Irwin to re-enter and take possession of the property. Exhibit B is a deed, executed on the 26th day of March, 1909, by Mattie and Daniel Coleman to S. W. Irwin, to the lands described in the contract heretofore set out. Exhibit C is a deed, dated September 9, 1909, from S. W. Irwin and wife to B. J. Brown, to the land. Then follow other deeds not necessary to be here set out.

WERT & LYNNE, for appellant. The amendment worked an entire change and the court erred in allowing

[Irwin, et ux v. Coleman, et ux.]

it.—*Ward v. Patton*, 75 Ala. 207; *Patterson v. Patterson*, 1 Abb. Prac. 262; *Brown v. Hunter*, 121 Ala. 210; *Ray v. Womble*, 56 Ala. 32. The chancellor erred in his finding on the facts.—*Rogers v. Burt*, 47 South. 230. There was no misrepresentation, or if there was, complainants were willingly deceived and the maxim volunti non fit injuria applies.—*Monroe v. Pritchett*, 16 Ala. 785. Complainants were guilty of negligence.—*Monroe v. Pritchett*, supra: Smith on Fraud, secs. 3, 77, 78; *Guy v. Blue*, 45 N. E. 1052. The complainants ratified the transaction and estopped themselves by agreeing to pay and paying rent.—16 Kan. 312; 104 N. W. 845; 57 S. W. 584. There was no special inadequacy of consideration.

Kyle & Hutson, for appellee. The bill undoubtedly contains equity.—*Smith v. Smith*, 153 Ala. 508; *Brown v. Hunter*, 121 Ala. 212. There was actual fraud.— *Johnson v. Cook*, 73 Ala. 540; *Peek v. Houpert*, 104 Ala. 506; *Tillis v. Austin*, 117 Ala. 262; *Leonard v. Roebuck*, 44 South. 290. This being true, and the complainants being in possession, they had a right to have the deed cancelled.—*Eufaula v. Pruitt*, 120 Ala. 470; *Curry v. Peebles*, 83 Ala. 225; *Lehman v. Shook*, 69 Ala. 286; 6 Cyc. 287; 4 Pom. Eq. 1399. The deed being void, there is no question of bona fides.—13 Am. Rep. 679; Howard, 495; 26 Am. Rep. 600; 1 Am. St. Rep. 241; 1 A. & E. Dec. & Eq. 105; 9 Cyc. 142. The deed and contract will be construed together.—*Sims v. Gaines*, 64 Ala. 392; *Cosby v. Buchanan*, 81 Ala. 574; *Elston v. Comer*, 108 Ala. 76; *Glass v. Heironemous*, 125 Ala. 141. The court's attention is called generally to the following cases as sustaining the view taken by the chancellor.—*Robers v. Burt*, 157 Alt. 91; *Harrison v. Murry*, 157 Ala. 227; *Rose v. Gandy*, 137 Ala.

330; *Turner v. Williamson,* 72 Ala. 361; *Reeves v. Abercrombie,* 108 Ala. 588; *Thomas v. Livingston,* 147 Ala. 216; *Maxwell v. Herzfelt,* 149 Ala. 69; *Vincent v. Walker,* 85 Ala. 337. As to the rules of evidence, see authorities supra, and 3 Pom. Eq. sec. 1195.

SIMPSON, J.—The bill originally filed by the appellees, sought the cancellation of a deed on account of misrepresentations—the allegations being that complainants, who are ignorant negroes, applied to defendant S. W. Irwin to borrow $175; that he agreed to lend that amount if complainants would pay him $125 in addition as interest, the whole amount to be paid in 30 months at $10 per month, with interest; that thereupon complainants entered into the written instrument, which is made Exhibit A to the bill (the substance of which will be set out in the statement of the case), and complainants executed notes in accordance therewith, and have since paid three of the notes; that said Irwin presented to complainants another paper, which complainants thought was a mere copy of Exhibit A, said Irwin so stating to them, and they signed the same, but that it was really a deed conveying the property to said Irwin, as shown by the copy attached to the bill, marked "Exhibit B"; that about September 9, 1909, said Irwin conveyed the property to Bennett J. Brown, who had notice of the contract between complainants and said Irwin, and of complainants' interest and equities in the land; that shortly after said date one Dix came to complainants' house, professing to be the agent of said Brown, and informed the complainant Mattie Coleman that the property belonged to said Brown, and demanded that she agree to pay rent for the same; that at said time said Daniel Coleman (her husband, the other complainant) was very sick,

and said Mattie Coleman, without the knowledge of said Daniel, being in distress about the illness of her husband, and being ignorant, agreed to pay rent, and did afterwards pay $3 rent; and that an attachment has been levied for rent. Complainants offer to pay whatever is due to Irwin, submit themselves to the order of the court, and pray for an injunction of the attachment proceedings, and that the deed (Exhibit B) and also the deed from Irwin to Brown (Exhibit C) be cancelled.

A demurrer was sustained to the original bill, on the grounds that the paper, "Exhibit A," is a complete refutation of complainants' contention, and an admission of title in Irwin, and that a tenant cannot assail the title of his landlord, while holding possession. The complainants then amended the bill so as to allege that the contract (Exhibit A) as well as the deed (Exhibit B) was obtained by misrepresentation and fraud, and that it was intended only as a mortgage, and prayed that upon the payment of the amount due the contract and deed (Exhibits A and B) be declared to be null and void. A demurrer to the bill as thus amended was overruled, and the answer filed, the testimony taken, and another amendment to the bill filed to meet the evidence, setting out the transactions more in detail, reasserting that the papers were intended as a mortgage, and praying that they be declared a mortgage, that a reference be ordered to ascertain the amount due, excluding usury, and that complainants be allowed to redeem, that the title be divested out of Brown, etc. The demurrer to the bill as amended was overruled, and the decree rendered in accordance with the prayer of the bill.

The original bill and amendments all relate to the same subject-matter, the same contract or transaction,

and to the same property, between the same parties. Consequently, under our statute, the objection that the amendment constitutes a departure is not well taken. Code 1907, § 3095.

This court has said that: "Although it is difficult to establish fixed rules by which to determine whether a particular transaction is a mortgage or a conditional sale, there are some facts which are regarded as of controlling importance in determining the question. Did the relation of debtor and creditor exist, before and at the time of the transaction? Or, if not, did the transaction commence in a negotiation for a loan of money? Was there great disparity between the value of the property and the consideration passing for it? Is there a debt continuing, for the payment of which the vendor is liable? If any one of these facts is found to exist, in a doubtful case it will go far to show a mortgage was intended. If all of them are found concurring, the transaction will be regarded as a mortgage rather than a conditional sale, unless the purchaser, by clear and convincing evidence, removes the presumption arising from them."—*Turner v. Wilkinson,* 72 Ala. 366; *Winn et al. v. Fitzwater et al.,* 151 Ala. 171, 178, 44 South. 97. See, also, 3 Pomeroy, Eq. Jur. (3d Ed.) 1195.

The appellants do not contend that the deed and contract created an unconditional fee in the respondents, but that the effect was to vest the title in respondents, and then to vest in the complainants only a conditional title, dependent upon the performance of the conditions by paying the installments of purchase money. It has been universally held that, as between a conditional fee and a mortgage, in cases of doubt the court will always lean towards the mortgage, as that secures the interests of all parties and works a hardship to none.—*McNeill v. Norsworthy,* 39 Ala. 156, 160; *Glass*

[Irwin, et ux v. Coleman, et ux.]

*v. Hieronymus Bros.*, 125 Ala. 147, 148, 28 South. 71, 82 Am. St. Rep. 225; *Rose v. Gandy*, 137 Ala. 329, 34 South. 239.

This court has always emphasized the principle that, when a man of superior intelligence has a transaction with one who is ignorant, the utmost good faith must be observed.—*Abercrombie v. Carpenter et al.*, 150 Ala. 294, 43 South. 746. What was the situation of these parties at the time of this transaction? The complainants owed, on a mortgage to the Building & Loan Association, $177.83. The transaction with the respondents created a debt of $300, with interest, payable in installments of $10 per month. If the mortgage had been foreclosed with the statutory right of redemption of two years, $10 per month would have fully paid the redemption money within the two years. It does not seem reasonable that the complainants would have conveyed away their rights by making a conditional deed, under which they would forfeit their property on failure to pay promptly the $10 per month until the amount of $300, with interest, was paid.

The transaction originated in a proposition to borrow the money to pay off the mortgage, and the evidence shows that the respondent Irwin still holds the notes against the complainants, and he explains this by saying that he holds them because he had to make the title good to Brown. While there is some conflict in the evidence, yet on the whole evidence we hold that the chancellor correctly held "that the method adopted in this transaction was for the purpose of securing a loan of money and to evade the law against usury." The assumption of the debt to the Building & Loan Association created the relation of debtor and creditor between complainants and Irwin.—*Shreve v. McGowin*, 143 Ala. 668, 42 South. 94.

Brown bought with notice, and the fact that the wife agreed to pay rent, under the circumstances, does not constitute an estoppel.—*McNeill v. Norsworthy, supra,* 39 Ala. 159.

The decree of the court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SOMMERVILLE, JJ., concur.