# Kyle *v.* Haley, *et al.*

*Bill to Declare Deed a Mortgage and to Redeem.*

(Decided December 17, 1914. Rehearing denied January 21, 1915. 67 South. 449.)

*Mortgage; Absolute Deed as; Evidence.*—A complainant seeking to declare a deed absolute on its face to be a mortgage has the burden to satisfy the court by a clear preponderance of the evidence that a mortgage was intended and clearly understood by the grantee as well as the grantor.

APPEAL from Marion Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. E. Kyle against W. W. Haley and others, to declare a deed absolute on its face a mortgage, and to redeem. Decree for respondents, and complainant appeals. Affirmed.

[Kyle v. Haley, et al.]

ETHERIDGE & LAMAR, for appellant.

E. B. & K. V. FITE, and C: E. MITCHELL, for appellee.

DE GRAFFENRIED, J.—The bill in this case was filed for the purpose of having a conveyance which is absolute on its face declared to be a mortgage and to redeem. In a case like this—where the instrument is absolute in form, and not in form conditional—to obtain relief the complainant must satisfy the court by at least a clear preponderance of the evidence that a mortgage was intended and clearly understood by the grantee as well as by the grantor.—*Morton v. Allen,* 180 Ala. 279, 60 South. 866; *Irwin v. Coleman,* 173 Ala. 175, 55 South. 492; *Reeves v. Abercrombie,* 108 Ala. 535, 19 South. 41. "This severe rule does not apply in cases where the writings express a conditional sale, or where it is admitted that there was a contemporaneous agreement different from that expressed in the instrument."—*Morton v. Allen, supra; Irwin v. Coleman, supra; Reeves v. Abercrombie, supra.*

It would be useless for us, in this case, to give the reasons for the above rules. They are well stated in the cases above cited. It would also serve no good purpose for us to engage in a discussion of the evidence in this case. It has been carefully examined, and in our opinion the chancellor properly held that the complainant was not entitled to the relief prayed for in his bill of complaint.

The decree of the court below is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.