HOPKINS *versus* THOMPSON.

Detinue, lies by the mortgagee, to recover possession of personal property mortgaged, after the time for the redemption of the mortgage, has expired.

The question, whether a transaction was intended as a mortgage, or as an absolute sale, is one of fact, for the determination of a jury.

Hopkins brought an action of *detinue*, in the Circuit Court of Jackson, to recover the possession of certain slaves.

The record, disclosed, that a bill of sale for the slaves in question had been originally executed by one Hammons, to the plaintiff—that by a defeasance connected therewith, the said slaves were subject to redemption, on certain terms and conditions specified therein—that Hammons having failed to redeem the slaves, the bill of sale, by his acknowledgment, was considered absolute, and possession thereof, given to the plaintiff: that Hammons, afterwards, secretly took the slaves into his possession, where, they were levied on under judgments subsisting against him, and bought by Thompson.

In the progress of the trial, the Court below determined, that the transaction between Hammons and the plaintiff was a mortgage, and charged the jury, that an action of *detinue* was not sustainable to recover possession of the mortgaged property, without a foreclosure of the mortgage.

Verdict and judgment having been rendered for the defendant, the plaintiff took his writ of error to this Court.

HOPKINS, for Plaintiff—S. PARSONS. *contra.*

By Mr. Justice HITCHCOCK :

This was an action of *detinue* for two slaves. The evidence on the part of the plaintiff was, that in 1817, one Hammons made an absolute bill of sale of the slaves to the plaintiff, who on the same day executed to the said Hammons, a written defeasance, stating that Hammons was to retain possession of the slaves for twelve months, and if at the end of that time he should pay to the plaintiff the amount expressed in the defeasance, he would be entitled to the return of the bill of sale, and to the property in the slaves. That at a subsequent time, the plaintiff gave to Hammons another written instrument, in which he stated, that if Hammons should pay him within twelve months from the date thereof, three hundred and twenty four dollars, in addition to the six hundred expressed in the bill of sale, that the slaves should be his. That in April, 1819, the absolute bill of sale was acknowledged by Hammons to the plaintiff, without any condition, and the slaves delivered up to him. It was proved that before this acknowledgment by Hammons, Hopkins the plaintiff, had paid what Hammons admitted was a satisfactory price for the slaves. Immediately after the slaves were delivered to the plaintiff, and the bill of sale was acknowledged, Hammons removed from the State of Tennessee, where all the parties resided, and where the plaintiff still lives, to this State. That several months afterwards, Hammons returned to Tennessee, and secretly took the slaves from a plantation of the plaintiff's, upon which they were, under the control of an overseer, and conveyed them to this State; after which, two judgments were rendered against him, upon which executions were issued, and under which the slaves were sold; and under which sale the de-

fendant claims to hold.   It was proved that when Hammond was charged with stealing the slaves, for having taken them from the possession of the plaintiff, as above stated, that he said he felt no danger from that, as the plaintiff, when they settled, had neglected to take up the *equity of redemption*, which he still held of the slaves.

The Court below instructed the jury, that under the evidence, the plaintiff was only a mortgagee of the slaves, and that the action of *detinue* did not lie to recover them, without a foreclosure of the mortgage; a verdict was, under these instructions, found for the defendant and the case is brought here by writ of error.

The Court below erred in both of the instructions given.

On the first point, the jury were the proper tribunal to decide as to the character of the plaintiff's title.   Whether it was a mortgage, or an absolute sale, was a question of fact, deducible from the evidence produced, which the Court should have left to the jury.

As to the second instruction, there can be no doubt but that *detinue* does lie to recover personal property mortgaged, after the time for the redemption of the mortgage has expired.   By the mortgage, the legal estate, as between the mortgagor and mortgagee, is vested in the latter, and he has the right to recover the possession of the property, for the purpose of subjecting it to the payment of his debt, and he may proceed either at law or by bill in equity.[a]

Let the judgment be reversed, and the cause remanded.