HOLT v. MOORE.

1. A parol, contemporaneous agreement cannot be permitted to vary a contract in writing, or change its legal effect.

ERROR to the Circuit Court of Pickens.

Holt sued Moore, on his indorsement of a promissory note, given by E. H. Moore & Co., to the defendant in error, for the sum of $3,882 27-100. The declaration is in the usual form. For his defence, the defendant in error, who was defendant in the court below, relied on a plea, setting forth, that his indorsement of the note in the declaration mentioned, is subject to the following condition, to wit : it was agreed and understood between the said E. H. Moore & Co., Thomas Holland, agent of Holt, Rose & Gibson, for whose benefit said note was made, and the said de-

fendant, that if the said defendant would endorse said note, that an amount of avaible notes and accounts due to E. H. Moore & Co., on solvent persons, should be placed for collection, in the hands of said defendant, sufficient to pay off and satisfy the sum of money in said note specified; and that beyond the amount of such available notes and accounts on solvent persons, which said defendant should so receive, he should not be bound or liable on his said indorsement; and defendant avers that a sufficient amount of available accounts and notes, due to said E. H. Moore & Co., had not been placed in his hands for collection, to pay off and satisfy the said sum of money, in said note specified.

To this plea, the plaintiff demurred—the court overruled the demurrer, and gave judgment for the defendant; to reverse which this writ of error is prosecuted, and the judgment overruling the demurrer, is now assigned for error.

W. COCHRAN, for plaintiff in error.

CLAY, J.—The only question presented for determination in this case is, whether the defendant could set up, by way of defence to the plaintiff's action, a parol agreement, which seems to have been contemporaneous with his indorsement, to vary or change its legal effect. The defendant indorsed a promissory note in the ordinary mode; the note came into the hands of the plaintiff, who is not even shewn to have been a party to the contract when the note was made—he has sued the defendant upon the indorsement, and the defendant now seeks to defeat his recovery, by showing that the makers of the note were to have placed in his hands a sufficient amount of available notes and accounts to satisfy said note.

The same question has been repeatedly decided by this court, and so far as I have seen, uniformly in the same way. In the case of Somerville v. Stephenson & Johnson, [3 Stewart, 271,] substantially the same question was presented. In that case, the defendants in error offered to prove, in the court below, that at the time of the assignment, it was agreed, as set out, they should wait two years with the obligor of the specialty, and that if he did not pay them, that the plaintiff in error would be responsible. The court said, the bill of exceptions taken to the opinion of the court below, overruling an objection to the testimony, raised the

question: "Is it competent to vary a contract in writing, by a verbal agreement, made at the time the contract is entered into, and is such the effect of the testimony, with regard to the indulgence of the obligor?" And, after an elaborate review of the authorities, the court came to the conclusion, that the court below erred in admitting the evidence offered. The same question had previously been presented in the case of Duprey v. Gray, [Minor's Reports 357,] and in the case of Wesson v. Carroll, ib. 251, in each of which, the court held the same doctrine. Such would seem to be the established rule, between the parties to the original contract; but in this case, the note has gone, by the payee's general indorsement, into the hands of a third person, who may have been ignorant of any such condition as the plea sets out, if it was agreed on. The demurrer should have been sustained.

Let the judgment of the court below be reversed, and the cause remanded.