# Kramer v. Brown.

*Bill in Equity to have Deed declared a Mortgage.*

1. *Deed as mortgage; when deed declared mortgage rather than part of a conditional sale.*—A deed absolute on its face, executed together with an agreement in writing on the part of the grantee, which, after reciting the execution of the deed for money paid to the sheriff, stipulates that "the same [is] to be restored" to the grantor, if she pays "the money with interest within three years," will be held a mortgage rather than a part of a conditional sale, when the testimony for the grantor goes to show that there was a continuing debt and that the deed was given merely to secure its payment, and the testi-

[Kramer v. Brown.]

mony of one of the grantee's witnesses tends to show that the sole purpose of the transaction was to secure repayment of the money advanced by the grantee, and that it took the form it did solely to save the expense of foreclosing a mortgage.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed by the appellees, Minerva Brown and others, as heirs at law of Malinda Gaillard, who was their grandmother, against the appellant, Leopold Kramer; and sought to have a deed executed by Malinda Gaillard to the respondent, Kramer, declared to be a mortgage, and that the complainants be allowed to redeem thereunder.

The execution of the deed was the outcome of a proposition made by Malinda Gaillard to the defendant, Leopold Kramer, to save for her the property conveyed in the deed, from a sale under an execution. The respondent consented to pay the execution, on condition that Malinda Gaillard would execute to him the deed in question, making at the same time an agreement, which is copied in the opinion. It is unnecessary to set out the facts in detail.

On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainants were entitled to the relief prayed for, and ordered accordingly. The respondents appeal from this decree and assigns the same as error.

McINTOSH & RICH, for appellants.—One of the safest and surest rules for determining whether the transaction is intended as a mortgage, is, to ascertain if there was a subsisting debt during the continuance of the relations of the parties.—*Peoples v. Stolla*, 57 Ala. 53. In this case there was no note and no evidence of debt taken.

That the grantor intended and considered the conveyance as a mortgage is not sufficient; it must have been likewise the intention of the grantee.—*Mitchell v. Wellman*, 80 Ala. 16; *Douglass v. Moody*, 80 Ala. 61; *Reeves v. Abercrombie*, 108 Ala. 535.

D. B. COBBS, *contra*.—To have a deed declared a mortgage, the intention that such should be its operation

must have been certain, clear and common to both parties.—*Reeves v. Abercrombie*, 108 Ala. 535. In all such cases, the concurring intention of the parties at the time of the transaction determines its character; and the intention is to be collected from the attendant facts and circumstances.—*Douglass v. Moody*, 80 Ala. 61.

If the form be absolute, and it be admitted there was a contemporaneous agreement different from that expressed in the writings, such agreement is to be considered. When there is evidence showing that the transaction was not an unconditional sale, as the conveyance imports, but was either a mortgage or a conditional sale, equity leans towards holding it a mortgage, and requires less stringency of proof.—*Peagler v. Stabler*, 91 Ala. 310; *Cosby v. Buchanan*, 81 Ala. 576; *Mitchell v. Wellman*, 80 Ala. 16; *Adams v. Pilcher*, 92 Ala. 474; *Douglass v. Moody*, 80 Ala. 61; *Daniels v. Lowery*, 92 Ala. 520.

McCLELLAN, J.—The only question arising on this appeal is one of fact, namely, whether the transaction wherein and whereby Kramer took a deed absolute on its face from Malinda Gaillard and entered into a written agreement to return the deed to her if she repaid him certain money he had expended for her, within three years from the time of such expenditure, was a conditional sale or a mortgage. We do not propose to discuss the evidence at all in detail, but merely to advert to one or two principles of law pertinent to the inquiry of fact, and to announce our conclusion from the facts considered in the light of such principles. This is not an effort to have an absolute deed declared to be a mortgage, and the strictness of proof required to support a bill for that purpose is not requisite here. Taking into consideration the agreement to return the deed to the grantor if she paid certain money within a certain time, there is no absolute deed in the case; and the question is between a conditional sale and conveyance on the one and a mortgage on the other. In such case not only is a less degree of stringency in the evidence adduced to show a mortgage instead of a conditional sale necessary, but the inclination of courts is to construe the writing to be a mortgage rather than a sale.—*Peagler v. Stabler*, 91 Ala. 308; *Daniels v. Lowery*, 92 Ala. 519; *Reeves v. Abercrombie*, 108 Ala. 538. The agreement which the grantee

entered into itself tends strongly to show that there was a continuing debt from Malinda Gaillard to Kramer, and that the purpose of the transaction was to secure the payment of this debt.   This is the writing by Kramer : "Agreement, as agreed by me at the time of the sale of her house in 1891.   Malinda gave me deed of her house for money paid by me to the sheriff, etc., the same to be restored to her if she pays me the money with interest within three years after date of redemption."   There was thus a certain sum of money to be repaid with interest, and upon such payment there was not to be a reconveyance by Kramer to Malinda as would have been proper and natural and necessary upon a repurchase by her, but the deed was to be surrendered to her as is proper ; natural and sufficient in case of the payment and satisfaction of a mortgage.   And the testimony of Frenkle, Kramer's witness, tended to show that the sole purpose of the transaction was to secure the repayment to Kramer of the money advanced by him to Malinda, and that it took the form it did solely to save the expense of foreclosing a mortgage.   When to this is added the testimony of the several witnesses examined for complainants, going to show that there was a continuing debt, and that the deed was given merely to secure its payment, we have no difficulty in concurring in the conclusion reached by the chancellor ; and his decree is affirmed.

Affirmed.