# Tribble *v.* Singleton.

### Bill to Declare a Deed a Mortgage.

(Decided July 15, 1908.  Rehearing denied Feb. 5, 1909.
48 South. 481.) )

*Mortgages; Aboslute Deed as Mortgage; Evidence.*—The evidence must be clear and conclusive that it was so intended before a deed, absolute on its face, will be declared to be a mortgage.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by B. F. Singleton against George Tribble, to have a deed absolute on its face declared to be a mortgage. From a judgment for complainant, defendant appeals. Reversed and rendered.

ROBERT E. SMITH, for appellant. Where a bill in equity is framed on the theory that there was fraud practiced, which would entitle the complainant to relief, it must be proved to entitle the complaint to re-

[Tribble v. Singleton.]

cover, and proof of other facts, though included in the charge of fraud, and sufficient under other circumstances to constitute a claim for relief under other heads of equity, will not justify the relief prayed for.—16 Cyc. 436; *Elyton Land Co. v. Iron City Steam Bot. Wks.,* 20 South. 50; *Robinson v. Cullom & Co.,* 41 Ala. 693; *Reynolds v. Excelsior Coal Co.,* 14 South. 573; *Winter v. Merrick,* 69 Ala. 36; Daniells Chan. P. & P., vol. I, pp. 328-326, note 2. A deed must stand as the sole evidence of the agreement of the parties unless the complainant shows under the most stringent rules of evidence that it was intended to operate as a mortgage.—*Reeves v. Abercrombie,* 19 So: 41; *Peeples v. Stolla,* 57 Ala. 53; *West v. Hendrix,* 23 Ala. 226; *Parks v. Parks,* 66 Ala. 326; *Douglas v. Moody,* 80 Ala. 61. Where the parties originally intended that the transaction should operate as a conditional sale, equity will not declare it a mortgage.—*Parish v. Gates,* 29 Ala. 254; *Swift v. Swift,* 36 Ala. 147. Where there is no debt there is no mortgage. —*Haney v. Robinson,* 58 Ala. 37. If the grantor is under no obligation to redeem the property conveyed by absolute deed, and if no action of debt could be enforced against him, but he is simply given the option of repurchasing upon the performance of certain conditions, then the transaction is a conditional sale and not a mortgage.—*Logwood v. Hussy,* 60 Ala. 417; *Haynie v. Robertson,* 58 Ala. 37.

W. T. WARD and MAMIE RIDDLE, for appellee. Fraud entered into the deed sufficient to entitle complainant to relief.—*Western Ry. v. Arnett,* 137 Ala. 414. The two contracts were delivered together and must be so construed.—*Smith v. Smith,* 45 South. 168. The transaction was not a conditional sale.—*Martin v. Martin,* 123 Ala. 191; *Haynie v. Robinson,* 58 Ala. 37; Jones on

[Tribble v. Singleton.]

Mortgages, 256. Where a debt still exists with a duty to pay, the transaction is a mortgage.—*Johnson v. Hattaway,* 46 South. 760·; *Thomas v. Livingston,* 147 Ala. 200; *Wynn v. Fitzwater,* 44 South. 97; *Harper v. Hays & Co.,* 149 Ala. 174; *Rose v. Gandy,* 137 Ala. 329. Although appellee conveyed the property by deed absolute and appellant leased the premises back to appellee, the transaction would still be regarded as a mortgage.— *Hammett v. White,* 128 Ala. 280; 27 yc. 998.

SIMPSON, J.—The bill in this case was filed by the appellee to have an absolute deed declared a mortgage.

There is no controversy about the facts that the complainant executed the absolute deed, conveying the property to the defendant, and also signed the lease contract, by which he was to pay so much monthly as rent for the premises, with the agreement therein expressed that, if he made the monthly payments promptly, a conveyance of the property was to be made to him, but, if not, he was to have no right of purchase; also, that he has not made such payments according to said instrument; also, that complainant can read and write, that he read the lease contract a short time after the copy was delivered to him, and continued to make payments thereunder without making any protest as to its terms.

The testimony of the complainant is in conflict with the testimony of the defendant, but that of the notary who took the acknowledgment tends to support the contention of the defendant.

The testimony is not of that clear and conclusive character which would justify the court in setting aside the plain language of the written instruments, and declaring the deed a mortgage.

The decree of the court is reversed; and a decree will be here rendered dismissing the bill.

Reversed and rendered.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur