# Sewell *v.* Buyck.

### Bill to Declare Deed Absolute a Mortgage, and for Cancellation.

(Decided June 3, 1909. Rehearing denied June 30, 1909.
50 South. 127.)

*Mortgages; Deeds as Mortgages; Cancellation, etc.*—Where a deed absolute on its face was intended to operate as a mortgage, and the grantee in the deed gave the grantor a bond for title, conditioned to reconvey on the payment of the debt secured, and the debt having been paid, and the grantor being in possession, had the right to have the deed canceled as a cloud upon title, and to have a reconveyance in accordance with the bond for title; or on failure of the grantee to reconvey, to have the deed declared a mortgage, and to have a reconveyance executed by the register in accordance with the decree.

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by James Buyck against N. B. Sewell, to have a deed absolute on its face declared a mortgage, and cancelled, and for re-conveyance. Respondent filed a cross bill seeking to foreclose. Decree for complainant and respondent appeals. Affirmed.

H. R. GOLSON, and JOHN V. SMITH, for appellant. The burden of proof was on the complainant, and if the mind is left in a state of doubt and uncertainty, the burden is not carried.—*Douglas v. Eason*, 36 Ala. 687; *Lehman Bros. v. McQueen*, 65 Ala. 570; *McWilliams v. Phillips*, 71 Ala. 80; *Woodrow v. Hawving*, 105 Ala. 240.

FRANK W. LULL, for appellee. Counsel discuss the facts of the case at length, but cites no authority.

MAYFIELD, J.—This was a bill, filed in the chancery court of Elmore county, to have an absolute deed

[Sewell v. Buyck.]

declared a mortgage, and canceled, upon the ground that the indebtedness secured by the intended mortgage had been paid before the filing of the bill. The answer of respondent to the bill admitted the execution of the deed by complainant to respondent as alleged, and that it was intended as a mortgage—in other words, that the whole transaction was a security for debt, and not a sale, and that at the time of the execution of the deed by complainant to respondent the respondent also executed a bond for title, conditioned to reconvey the title to complainant upon the payment of the debt secured; but the respondent, in his answer, denied that the debt or any part thereof had been paid, and asked that his answer be made a cross-bill, and that, upon final hearing, the court ascertain the sum due on the mortgage debt, and decree that the lands described in the deed or mortgage be sold for the payment of the balance due upon the mortgage debt. The complainant answered this cross-bill, denying all of its allegations which would justify relief, and setting up additional facts and allegations tending to show payment in full of the debt secured or intended to be secured by the mortgage deed.

The depositions of numerous witnesses, several times examined, were taken by both the complainant and the respondent, to prove and to disprove the allegations of the bill and cross-bill, respectfully. The evidence is entirely too voluminous. The case was submitted, upon the respective pleadings mentioned and upon the evidence referred to, for final decree, and by consent of parties was held for decree in vacation, resulting in a decree of the chancellor holding that the complainant was entitled to the relief prayed in his bill. This degree is appealed from by the respondent, and he assigns as error the findings and the decree of the court to the effect that the note secured by the mortgage had been paid, and that

the deed should be canceled as a cloud upon complainant's title, and the refusal to grant relief to respondent under his cross-bill—all of which assignments raise but one question for review on this appeal, which is: Was the evidence sufficient to support the decree of the chancellor?

We have carefully reviewed all the evidence in this case as shown by the record, aided by the full and splendid briefs of counsel for appellant and appellee, and we fully agree with the learned counsellor in his findings and decree. While the burden of proof is originally upon the complainant to establish the averments of his bill, and while the evidence is very conflicting as to some of the material questions, it indisputably appears from the evidence that the complainant had paid to the respondent an amount largely in excess of the mortgage debt and interest. This is admitted by the respondent; but the respondent claims that these payments were made upon other debts than the one intended to be secured by the mortgage or deed upon the land, to wit, for advances made by the respondent to the complainant and his children, and that it was agreed between the parties that the amount of these advancements should be paid in preference and prior to the debt secured by the mortgage upon the land.

The fact that advances were made by the respondent to the complainant and his children, and that it was agreed that these should be paid in preference to the debt secured by the mortgage upon the land, is without dispute. Consequently the question most seriously disputed, and as to which the evidence was in conflict, was the amount of such advances. As to this the respondent and his witnesses are very indefinite and uncertain. While they testify in general terms that advances were made and the amount of payments made by

[Sewell v. Buyck.]

the complainant, yet, when required to give the exact amount, time, and nature or character of the advancements, they are unable so to do. No books of account seem to have been kept by either party. The respondent was a business man, educated, and a practicing physician, doing an advancing business; but as to this account he seems to have kept no books, and is extremely indefinite and uncertain as to the amount of advancements which he had made to the complainant and his son, while the latter are very positive and certain that he advanced nothing like the amount set up in his claim. It also conclusively appears that sufficient payments were made by the grantor, or mortgagor, with direction that they be applied upon the mortgage debt, to fully extinguish it. While it is not conceded by the respondent that these payments were received as such, or applied by him to the payment of the debt secured by the mortgage, yet he does not sufficiently deny or dispute the fact that they were made, with the request and with the understanding on the part of the mortgagor or grantor that they should be so applied.

There is little doubt in the minds of the court that this debt has been fully paid. Whether it was intended by the mortgagee to be a payment is immaterial, in the absence of any showing on his part that the mortgagor owed him other debts than the one secured by the mortgage to which he could have applied the payments thus made. There being no doubt that this deed, absolute on its fact, was intended as a mortgage, the parties are therefore clothed with all the rights, subject to all the liabilities, and entitled to all the remedies of ordinary mortgagors and mortgagees; and the amount secured by the instrument having been paid, the mortgagor being in possession, he has the right to have the mortgage canceled as a cloud upon his title, and to have a reconvey-

ance from the mortgagee to him in accordance with the contract and agreement evidenced by the bond for title, or, upon failure of the mortgagee to so reconvey in accordance with his bond for title, to have it declared a mortgage and to have a reconveyance executed by the register of the court in accordance with the decre of the chancellor.—*Richter v. Noll*, 128 Ala. 198, 30 South. 740; *Tennessee Co. v. Wheeler*, 125 Ala. 538, 29 South. 38; *Knaus v. Dreher*, 84 Ala. 319, 4 South. 287.

The decree of the chancellor is therefore affirmed. Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.