## Copenny v. Southern Realty Co., et al.

### Bill to Declare a Deed a Mortgage, and to Redeem.

(Decided November 16, 1911. 56 South. 721.)

*Mortgages; Deeds as; Evidence.*—The allegations and the facts considered, and held not to show deception or fraud, or overreaching, or that the transaction was a mere device to cover a usurious contract, and insufficient to support an action to have the deed declared a mortgage on a default in the rents.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Monroe Copenny against the Southern Realty Company and others, to have a deed declared a mortgage, and to redeem. Decree for respondent and complainant appeals. Affirmed.

FRANK S. ANDRESS, for appellant. The deed was given as security for a debt, and the court erred in dismissing the bill.—3 Pom. sec. 1195; *Smith v. Smith*, 153 Ala. 508. The facts of the case are analogous to the facts in the case of *Abercrombie v. Carpenter*, 150 Ala. 294; *Balkum v. Breare*, 48 Ala. 75; *Burke v. Taylor*, 94 Ala. 530. Parol evidence was admissible to show that the absolute conveyance was intended as a mortgage.—*Richter v. Noll*, 128 Ala. 198; *Emmett v. White*, 128 Ala.

381. When the case is doubtful, that construction will be given the instrument that will work substantial justice in equity between the parties.—*Vincent v. Walker,* 86 Ala. 333; *Abercrombie v. Carpenter, supra.*

A. LATADY, and JAMES L. DAVIDSON, for appellee. Under the evidence in this case, the court properly denied relief.—*Tribble v. Singleton,* 48 South. 481; *Thomas v. Livingston,* 46 South. 851; *Smith v. Smith,* 45 South. 168.

SIMPSON, J.—The bill in this case was filed by the appellant seeking to have a deed declared to be a mortgage. While there is some conflict in the testimony, the weight of the evidence shows that the complainant had bought a vacant lot from the Birmingham Realty Company for $750, and owed about $500 of the purchase money. An agreement was made between said Copenny and the Southern Realty Company, by which Copenny conveyed the lot to said company, and it paid the amount due to the Birmingham Realty Company ($507.33), erected a house on the lot, and executed a lease of the premises to said Copenny, to run from February, 1905, to June, 1912, for $2,200.00, payable in monthly installments, providing that, if all of the installments were paid promptly at maturity, the property was to be conveyed to said Copenny, but if default was made as to either or as to paying taxes, etc., required to be paid, said Copenny would forfeit all right to "a conveyance of said property, and all money paid by the party of the second part shall be taken and held as a payment of rent for said property."

There is no dispute as to the fact that no rents have been paid for a considerable period. While it is true that the complainant does not read and write, although

his wife does, yet the evidence is convincing that he fully understood the transaction. The notary who took the acknowledgment testifies that said complainant and his wife came to him with papers, no officer or agent of the company being present, and explained the entire transaction to him before the acknowledgment was taken. The evidence does not show that there was any overreaching, deception, or fraud, or that the transaction was a mere device to cover a usurious transaction. The facts do not bring the case within the principles declared in the cases of *Abercrombie v. Carpenter et al.*, 150 Ala. 294, 43 South. 746, and *Irwin v. Coleman*, 173 Ala. 175, 55 South. 492.

The decree of the court is affirmed.

Affirmed. All the Jutices concur.