(84 South. 299)

CORLEY v. VIZARD et al.   (5 Div. 721.)

(Supreme Court of Alabama.   Nov. 27, 1919.
Rehearing Denied Dec. 24, 1919.)

1. USURY 115—A WRITTEN CONTRACT MAY BE SHOWN USURIOUS BY PAROL EVIDENCE.

Despite the parol evidence rule, a written contract can be shown to be usurious by parol evidence.

2. MORTGAGES 37(2)—AN INSTRUMENT IN FORM OF DEED MAY BE SHOWN SECURITY FOR DEBT.

An instrument in form a deed may be shown by parol evidence to be security for a debt.

3. EVIDENCE 414, 419(2), 441(8)—CONSIDERATION AND DATE MAY BE SHOWN, BUT DEED CANNOT BE VARIED BY PAROL EVIDENCE.

While the true consideration of a conveyance and its date of delivery and execution may be shown by parol, evidence of an agreement made prior to or contemporaneous with a deed, containing usual covenants, is not admissible to vary the ordinary scope of the covenants in the absence of fraud or mistake.

4. EVIDENCE 419(2)—WHERE DEED WAS ABSOLUTE IN FORM, PAROL EVIDENCE IS INADMISSIBLE TO SHOW MINERALS WERE EXCEPTED.

Where a deed was absolute in form, parol evidence cannot be received, on the theory that proof of the consideration can be shown by parol, to establish that minerals were reserved and excepted from the operation of the conveyance.

5. REFORMATION OF INSTRUMENTS 20, 44—EQUITY MAY RELIEVE IN CASE OF MISREPRESENTATION OF LAW; TO RELIEVE FROM FRAUD, PAROL EVIDENCE MAY BE RECEIVED THOUGH CONTRADICTING WRITING.

While a misrepresentation as to a matter of law does not per se constitute fraud, yet, if the purchaser's agent knowing the vendor's ignorance of the law made misrepresentations as to a desired reservation, equity will grant relief from the fraud, and for such purpose parol evidence may be received though contradicting the terms of the deed.

6. WITNESSES 154—WITNESS INCOMPETENT BY REASON OF DEATH OF AGENT OF OPPOSITE PARTY.

Where the agent with whom a vendor of lands contracted for their sale has died before trial of a suit to compel the purchaser to convey an interest in the minerals on the theory that they were to be reserved, etc., the vendor, under Code 1907, § 4007, is incompetent to testify as to the agent's statements.

7. MINES AND MINERALS 55(8)—EVIDENCE HELD NOT TO SHOW PURCHASER'S AGENT KNOWING VENDOR'S IGNORANCE OF LAW PRACTICED FRAUD.

In a suit to compel purchaser of land to convey an undivided one-half interest of the minerals on the theory that the minerals were to be reserved and excepted from the convey-

ance, evidence held insufficient to show that the agent took advantage of the vendor's ignorance of the law to defraud him.

8. EVIDENCE 243(7) — A FORMER AGENT CANNOT BIND HIS PRINCIPAL AFTER COMPLETION OF THE TRANSACTION.

After completing a purchase of land for his principal, the former agent cannot bind his principal by assenting to the vendor's assertion that minerals were reserved.

9. EVIDENCE 71 — PROMPT DELIVERY OF MAILS PRESUMED.

There is a presumption of prompt delivery of letters mailed.

10. EVIDENCE 241(1) — CORRESPONDENCE BETWEEN PURCHASER AND AGENT ADMISSIBLE ON ISSUE OF FRAUD.

In a suit to compel a purchaser to convey mineral rights on the theory that they had been reserved by the vendor, correspondence between the purchaser and his agent relative to the vendor's assertion of such rights held admissible on the issue whether the agent, knowing the vendor's ignorance of the law, took advantage of it to defraud him.

11. EVIDENCE 121(2) — DECLARATIONS OF AGENT OF PURCHASER AS TO RESERVATION HELD ADMISSIBLE, BEING PART OF TRANSACTION.

Where, after the death of the purchaser's agent, the vendor asserted that he was entitled to one-half of the minerals under the land and that they were reserved, declarations by the purchaser's agent relating to such matter made at the time of the transaction are admissible.

12. REFORMATION OF INSTRUMENTS 45(7)—EVIDENCE THAT PURCHASER'S AGENT MISREPRESENTED NOT SUFFICIENT TO ESTABLISH FRAUD ON THE VENDOR.

Evidence that the agent of a purchaser kept his principal in ignorance of the trade actually made which contemplated reservation of part of the minerals will not establish that the vendor, who relied on the agent's representation that he would be protected, etc., was ignorant of the law and was defrauded.

13. TRUSTS 44(3)—EVIDENCE TO ESTABLISH PAROL TRUSTS AS AGAINST ABSOLUTE DEED MUST BE CLEAR AND CONVINCING.

A parol trust will not be ingrafted on a legal title evidenced by conveyance absolute on its face except by the greatest caution and where the fraud necessary to give rise to the trust is established by clear and convincing proof.

14. TRUSTS 365(5)—WHERE FRAUD IS RELIED ON TO CREATE PAROL TRUST, PROMPT ACTION NECESSARY.

Where fraud is relied on to create a parol trust, prompt action after discovery of the fraud is necessary.

15. TRUSTS 365(5) — COMPLAINANT HELD BARRED BY REASON OF LACHES FROM ENFORCING THE PAROL TRUST.

Where a vendor through alleged fraud conveyed land without reserving minerals relying

on the statements of the purchaser's agent, the delay of seven years during which the agent died is laches precluding the ingrafting of a parol trust on the absolute conveyance.

Appeal from Circuit Court, Coosa County; Ray Rushton, Special Judge.

Bill by W. J. Corley against William Vizard and others to require respondents to convey a one-half undivided interest in the mineral right in certain lands or to cancel deed for fraud. From a decree dismissing the bill and denying relief, complainant appeals. Affirmed.

L. H. Ellis, of Columbiana, for appellant. A person ignorant of the law, dealing with a person knowing the law, who knows the other party to be ignorant of the law, who is misled by a false statement of the law, has had a fraud perpetrated upon him. Townsend & Milliken v. Cowles, 31 Ala. 436. The person is not required to act until the fraud is discovered. Dean v. Oliver, 131 Ala. 638, 30 South. 865.

Stevens, McCorvey & McLeod, of Mobile, for appellees. Under the circumstances of this case, no effect whatever can be given to the prior or contemporaneous verbal agreements. 136 Ala. 654, 33 South. 811; 166 Ala. 227, 51 South. 978; 174 Ala. 393, 57 South. 464; 125 App. Div. 174, 109 N. Y. Supp. 135; 125 Fed. 113, 61 C. C. A. 657; 4 Wigmore, § 2400; 1 Greenleaf, § 305. He who would obtain relief because of fraud must allege it distinctly and accurately and prove it clearly and satisfactorily. 52 Ala. 284; 95 Ala. 390, 11 South. 15; 95 Ala. 547, 11 South. 56. The testimony of the agent was properly not allowed. 72 Ala. 117. Any relief was barred by laches. 131 Ala. 638, 30 South. 865; 95 Ala. 390, 11 South. 15; 90 Ala. 154, 7 South. 467; 123 Ala. 447, 26 South. 290; 115 Ala. 425, 22 South. 35; 36 Cyc. 725.

This appeal was submitted under rule 46 (178 Ala. xix, 65 South. vii) Supreme Court Practice, and the opinion of the court delivered by

THOMAS, J. The purport of the bill is that complainant was to reserve in the deed to respondents mineral interests in the lands conveyed, which interest was excepted from the sale by a prior or contemporaneous verbal agreement. It is without dispute that the interests so conveyed were purposely inserted in the deeds by agreement of the parties to this suit. Complainant insists that such interests were included in the deeds in reliance upon the agreement of respondents' agent, to the effect that respondent would reconvey to him such reserved interests. This agreement being prior to, or contemporaneous with, the execution and delivery of the conveyances, the effect of the insistence now made is to permit complainant to show by parol evidence that the several deeds and covenants therein were purposely made to embrace and extend to lands not actually sold and that the quantum of estate conveyed and warranted be varied by parol evidence.

[1-3] Well-recognized exceptions to the general rule forbidding written instruments to be varied by parol are (by virtue of the statute) that contracts for loans may be shown to be usurious (Lewis v. Hickman, 200 Ala. 672, 77 South. 46; Bates v. Crowell, 122 Ala. 611, 25 South. 217); that the true consideration of the instrument and the date of execution and delivery may be shown (Formby v. Williams, 81 South. 682, 687[1]); and that a deed in form may be shown to be a security for debt. The application of the rule to this last exception has not been entirely uniform. For example: The earliest case involved a bill of sale to slaves, unaccompanied by a stipulation as to reconveyance, and the admissibility of parol evidence was affirmed without qualification. Such testimony was admitted to convert the instrument into a mortgage, by proving that the parties intended it to operate only as security, in Hudson v. Isbell, 5 Stew. & P. 67, 75. In English v. Lane, 1 Port. 328, 352, 353, the court said:

"Where there has been a breach of trust, or a fraud committed by setting up a conveyance as an absolute sale, in violation of a parol agreement, expressed and understood between the parties at the same time, that it should operate only as a mortgage, it will be sustained as a mortgage; and this, notwithstanding the answer positively deny the parol agreement, provided it be sufficiently proved, and the mortgagor or vendor has not participated in the fraudulent intent."

By a later case, the admissibility of parol evidence to show whether a contract in writing is a mortgage or conditional sale, the same containing a written stipulation as to reconveyance, was asserted without qualification. Eiland, Adm'r, v. Radford, 7 Ala. 724, 726, 42 Am. Dec. 610. Later the position was taken that the unrestricted doctrine may not be applied in equity to a conditional sale. McKinstry v. Conly, 12 Ala. 678; Freeman v. Baldwin, 13 Ala. 246.

It has been said that the distinction thus predicated between such classes of transactions has been abandoned in later cases in which the court, without expressly overruling or even referring to its previous decisions, has assumed that contracts which include stipulations as to reconveyance are within the scope of the unrestricted doctrine. Locke v. Palmer, 26 Ala. 312, 324; Brantley v. West, 27 Ala. 542, 552; West v. Hendrix, 28 Ala.

---

[1] Ante, p. 14.

226; Pearson v. Seay, 38 Ala. 643, 646; McNeill v. Norsworthy, 39 Ala. 156, 160; Douglass v. Moody, 80 Ala. 61; Perdue v. Bell, 83 Ala. 396, 3 South. 698; Kramer v. Brown, 114 Ala. 612, 615, 21 South. 817; Rose v. Gandy, 137 Ala. 329, 332, 34 South. 239; Hubert v. Sistrunk, 53 South. 819. Cases in which that doctrine has been applied with reference to contracts in which no such stipulations were included are: Robinson v. Farrelly, 16 Ala. 472; Parish v. Gates, 29 Ala. 254, 261; Harris v. Miller, 30 Ala. 221, 224; Sewell v. Price's Adm'r, 32 Ala. 97, 98; May v. May's Adm'r, 33 Ala. 203, 205; Wells v. Morrow, 38 Ala. 125, 128; Turner v. Wilkinson, 72 Ala. 361, 365; Rapier v. Gulf City Paper Co., 77 Ala. 126; Glass v. Hieronymus Bros., 125 Ala. 140, 147, 28 South. 71, 82 Am. St. Rep. 225; Harper v. Hayes Co., 149 Ala. 174, 179, 43 South. 360; Harrison v. Maury, 157 Ala. 227, 229, 47 South. 724; Tribble v. Singleton, 158 Ala. 308, 310, 48 South. 481; Copenny v. Southern Realty Co., 174 Ala. 378, 56 South. 721; Sewell v. Buyck, 162 Ala. 496, 50 South. 127; Reeves v. Abercrombie, 108 Ala. 535, 19 South. 41; Lewis v. Hickman, supra; Sewell v. Holley, 189 Ala. 121, 66 South. 506. In the following cases where parol evidence was received in actions at law, this court did not advert to the question of its competency: Sewall v. Henry, 9 Ala. 24 (detinue by vendee in bill of sale to recover personal property after the expiration of the time allowed by statute for redemption of a mortgage); Hopkins v. Thompson, 2 Port. 433 (same action); Logwood v. Hussey, 60 Ala. 417 (action to recover personalty). But in the several cases in which the point has been discussed on the admissibility of parol evidence in actions at law, such evidence has been declared inadmissible. Shriner v. Meyer, 171 Ala. 112, 116, 55 South. 156, Ann. Cas. 1913A, 1103; Bragg v. Massie's Adm'r, 38 Ala. 89, 106, 79 Am. Dec. 82; Jones v. Trawick's Adm'r, 31 Ala. 253, 258; Hartshorn v. Williams, 31 Ala. 149. In Bates v. Crowell, supra (in equity, on demurrer), the bill was based upon the ground that parol evidence was not admissible in a court of law to vary an executory contract for sale of personal property, and it was held that the bill contained equity and demurrer properly overruled. For general authorities, see L. R. A. 1916B, 29 et seq.

It may be observed of this last exception that the ground on which a court of equity permits parol testimony to show a conveyance absolute on its face to be a mortgage, or was executed upon certain parol conditions or trusts, is that to deny such right on parol evidence would be a fraud to allow the grantee to hold the property discharged of the conditions or trusts, which, by his consent, would attach to the conveyance and which he has agreed to fulfill, and in equity and good conscience should fulfill. Kennedy's Heirs & Ex'rs v. Kennedy's Heirs, 2 Ala. 571; Chapman v. Hughes, 14 Ala. 218; McKinstry v. Conly, supra; Sewell v. Price's Adm'r, supra; Knaus v. Dreher, 84 Ala. 319, 4 South. 287; Richter v. Noll, 128 Ala. 198, 30 South. 740; Sewell v. Buyck, supra.

It may be of interest to observe that this doctrine was given expression by Lord Hardwicke in Baker v. Wind (1748) 1 Ves. Sr., 160. Parol evidence is admitted in such cases "on the ground that the court has power to rectify the instrument, and that it would be a fraud to insist on the absolute form of the instrument if it were only intended to be a security for money." Mandell v. Thomas, 1 Q. B. 230.

We have been unable to find a case similar to that made by the instant bill. However, there are analogous decisions by our court. In Thompson, etc., Co. v. Glass, 136 Ala. 648, 654, 33 South. 811, an action of assumpsit, where promises to repair real property were made before the lease, not being independent of and collateral to the lease, though a part of the bargain to rent, it was held that parol evidence thereof was not permissible to vary the written lease. In Burroughs v. Pate, 166 Ala. 223, 227, 51 South. 978, where a parol reservation of property conveyed was made "prior to or contemporaneous with the execution of an absolute conveyance," held to be merged in such conveyance, its legal effect was denied qualification by parol so as to make the estate conveyed commence in futuro, or "so as to limit or restrict the use or enjoyment of the property conveyed." Wright v. Graves, 80 Ala. 416; Williams v. Higgins, 69 Ala. 517. In Able v. Gunter, 174 Ala. 389, 393, 57 South. 464, specific performance of a bond for title providing only for the payment of specific sums of money was sought, and it was sought to show by parol evidence that it was agreed between the parties that the vendor should have the rent from the place until the entire purchase price was paid; held inadmissible to show such fact by parol, though it was a part of the consideration of the contract, since the legal effect would be to vary the written contract, and in the absence of express agreement (in the written contract) "the vendee was entitled both to the possession of the land and the rent." In the earlier cases of Moody v. McCown, 39 Ala. 586, 594 (limitations of written partition made of decedent's real property), and Holley v. Younge, 27 Ala. 203 (covenantor against incumbrance agreed to satisfy a vendor's lien), such limitations were not permitted to be shown by parol, and it was said that a covenant cannot be varied by a prior or contemporaneous parol agreement of the parties. Holt v. Moore, 5 Ala. 521; Litchfield v. Falconer, 2 Ala. 280; Sommerville v. Stephenson, 3 Stew. 271; Duouy v. Gray, Minor, 357. The general authorities are collected in L. R. A. 1916E, 221.

Our conclusion is that the better considered cases are to the effect that though the true consideration of a conveyance may be shown by parol evidence of an agreement made prior to or contemporaneous with the execution of a deed containing covenants of seisin, good right to convey, quiet enjoyment, or warranty against incumbrances, such evidence is not admissible to vary the ordinary scope of such covenant; at least in the absence of fraud or mistake (Hess v. Cheney, 83 Ala. 251, 3 South. 791; Winston v. Browning, 61 Ala. 80; Rogers v. Peebles, 72 Ala. 529; Hodges v. Denny, 86 Ala. 226, 5 South. 492; Wright v. Wright, 34 Ala. 194; Manning v. Carter, 201 Ala. 218, 77 South. 744), or of latent ambiguity (Manning v. Carter, supra) or of surprise (McKinstry v. Conly, supra), and not being an independent and collateral agreement, separate and distinct from the covenants of the deed as warranty of quality (Saville v. Chalmers, 76 Iowa, 325, 41 N. W. 30; Buzzell v. Willard, 44 Vt. 44; Green v. Batson, 71 Wis. 54, 57, 36 N. W. 849, 5 Am. St. Rep. 194; Williams v. Kniskern, 177 Mich. 500, 143 N. W. 627, L. R. A. 1916E, 222).

[4] The distinction we are dealing with is that a conveyance of lands may not be varied by parol, but that the consideration of such conveyance may be so varied. In the conveyance of Corley and wife, of date of February 22, 1908, the recited consideration thereof is $8,250. Its granting clause was, "grant, bargain, sell and convey unto the said Wm. Vizard the following described real estate, to wit" (specifically describing the land); and the habendum and warranting clauses are:

"To have and to hold to the said Wm. Vizard his heirs and assigns forever. And we do for ourselves and for our heirs, executors and administrators covenant with the said Wm. Vizard his heirs and assigns that we are lawfully seized in fee simple of said premises; that they are free from all incumbrances, and that we have a good right to sell and convey the same as aforesaid; that we will and our heirs, executors and administrators shall warrant and defend the same to the said Wm. Vizard, his heirs, executors and assigns forever, against the lawful claims of all persons."

Under the guise of showing consideration to permit complainant to prove by parol that by antecedent or contemporaneous parol agreement it was the understanding of the parties that one-half of the mineral or other rights in the land were reserved to grantors, the effect of such parol evidence would be to change the legal effect of the covenants contained in the said several conveyances and would be a flagrant violation of the rule we have shown to obtain in this jurisdiction. The ruling of the circuit court may be justified on this ground.

The deeds given by Corley and the other grantors to Vizard were in the form intended by the parties thereto. The grantor Corley well knew that he was conveying to the grantee all the right, title, and interest in his land described without reserving the mineral or other rights now sought to be enforced, and that the other grantors were respectively conveying to Vizard the entire interest held in said tracts of land, and that they were not reserving to themselves or for Corley's benefit said mineral or other interests therein. For this reason the deeds cannot be reformed in equity. Judge Stone said in Clark v. Hart, 57 Ala. 390, 394, that—

"Chancery does not add terms to the contract, which the parties did not intend to embody in the writing. It is only when stipulations which the parties intended to express have been left out by mistake, or omitted through fraud, that the reforming powers of the chancery court can be called into exercise. If there be other contemporaneous agreements or terms, not put in the writing, and not intended to be inserted therein, this is no mistake of fact, and furnishes no ground for equitable interposition. It is simply a mistake of law in supposing that such oral stipulations may be proved and considered in construing the writing. To allow reformation, under such circumstances, would be to create for the parties a written contract, which they intentionally left in confidence, and did not intend to express in the writing. In other words, it would enable chancery to relieve parties of all the disabilities which result from that very salutary rule of evidence, which forbids that oral proof shall be received to add to, vary, or contradict the terms of a written contract."

So, also, Mr. Justice Anderson observed in Folmar v. Lehman-Durr Co., 147 Ala. 472, 477, 41 South. 750, 751, that—

The respondents say "that the recited considerations were inserted in the deeds by mistake, that the true consideration is not disclosed, and they invoke the aid of the chancery court by cross-bill to have the conveyances reformed so as to make them recite the true consideration. In order to reform a contract which fails to express some important element thereof, it must appear that the parties mutually intended that it should have been so expressed, or that it is expressed differently from what they had mutually agreed it should express, and this failure or difference of expression is the result of mistake or fraud. * * * 'Another familiar principle is that courts of equity proceed with very great caution in reforming written instruments, and, if the mistake as alleged is not admitted, it must be proved by clear, exact, and satisfactory evidence, the presumption being that the contract as executed contains the conclusion of all previous negotiations on the subject and is the final agreement of all parties.' "

[5-7] Though charging no actual fraud, the bill seeks by the facts averred to show a fraud in law against which equity will protect. In behalf of his right to relief, complainant insists that he is within the rule of

Townsend v. Cowles, 31 Ala. 428, 436. There it is said:

"Notwithstanding a misrepresentation as to a matter of law does not, per se, constitute a fraud; yet other circumstances, concurring with such misrepresentations, may make it a fraud. If any peculiar relationship of trust or confidence existed between the parties, and the plaintiff has availed himself of such trust or confidence to mislead the defendant, by a misrepresentation as to the legal effect of the contract, it would constitute a fraud. So, if the defendant was in fact ignorant of the law, and the other party, knowing him to be so, and knowing the law, took advantage of such ignorance, to mislead him by a false statement of the law, it would constitute a fraud."

It has been shown by the evidence that there was no relationship of trust or confidence existing between the parties by which he has been defrauded. Wooddy v. Matthews, 194 Ala. 390, 69 South. 607. Appellant must rest his case on his averment that he was ignorant of the law, that Mr. Jones knew him to be so, and, knowing the law, took advantage of such ignorance to mislead him by a false statement of the law, and constituting a fraud upon him. The rule of the Townsend Case, clearly stated by Mr. Justice Walker, was confused in Lehman v. Shackleford, 50 Ala. 437, 439, in the use of the expression "would depend for its application on the ignorance of plain and settled law, and the indisputable character of the right yielded." It was again elucidated by the Chief Justice in Davis v. Betz, 66 Ala. 206, 210, where he said:

"The misrepresentation of a matter of mere judgment, or the expression of an opinion in reference to a matter equally open to the inquiry of both parties, is not a fraud. In the absence of all relation of trust or confidence, when parties are dealing at arm's length, when one has not full knowledge, and does not know the other to be ignorant, a misrepresentation of the law will not, of itself, constitute a fraud, or furnish ground for avoiding a contract. Craig v. Blow, 3 Stew. 448; Townsend v. Cowles, 31 Ala. 428."

The case of Craig v. Blow, supra, cited by Judge Brickell with approval, held that in an action for debt, a plea that C. and D., to deceive and defraud B., falsely and fraudulently represented to him that C. was authorized to surrender and cancel the bond due to A., and to discharge B. from liability thereon; and that in consideration B. would execute said bond to D. to secure the debt due from C. to D., he, C., would surrender said bond due A. to B., and thereby discharge him from all liability thereon; and that B., giving faith to said false and fraudulent representations, etc., and in consideration thereof, executed said bond to D.—was not a good special plea of fraud.

We have carefully considered the evidence and do not find that it establishes Mr. Corley's ignorance of the law relating to the conveyance and reservations of the mineral interests in the land, or that Jones knew he was ignorant, and, knowing said law of which the former was ignorant, took advantage of that ignorance to mislead him by a false statement of the law relating to the sale and conveyance of the lands in question and the reservation of said mineral interests therein. The agreement of the parties took solemn form in conveyances between February 14 and 22, 1908. Jones died in January, 1915, and the bill was filed on June 14, 1917. By reason of Jones' death, Corley's mouth was sealed as to such transactions. Corley's evidence as to statements made to him by Jones relating thereto, if otherwise competent, is denied by statute. Code, § 4007; Warten v. Strane, 82 Ala. 311, 8 South. 231; Stanley v. Sheffield, etc., Co., 83 Ala. 260, 4 South. 34; Tabler, Crudup & Co. v. S. L. I. & C. Co., 87 Ala. 305, 6 South. 196; McCrary's Adm'r v. Rash's Adm'r, 60 Ala. 374, 377; Daniel v. Bradford, 132 Ala. 262, 31 South. 455.

[8] The wife of Corley testified that when she signed the deed Mr. Jones, the agent, said the understanding was that Vizard would make Corley a deed to a one-half interest in minerals in said lands, that it would be safe to sign the deed, and, as Vizard's agent, he would see that such interest would be reconveyed to said Corley. The owner of one of the tracts of land conveyed to Vizard testified that on the date the deeds were signed Mr. Jones stated to him that Corley had taken Jones' word as to certain rights in the land and that said grantor (Scroggins) would have to take Jones' word as to certain farming rights. The witness further testified that Corley was a man of large business affairs, had taken Jones' word for the reserved rights; that Jones said to witness, "It looks like if he [Mr. Corley] could take my word for his farming rights, you could." This testimony falls short of proving that Jones took advantage of Corley's ignorance of the law and deceived him in such wise that it became a fraud. This lack of proof would not be changed by the testimony of Dr. Jones (if it be competent) to the effect that on a visit to Mr. Corley, subsequent to the conveyances, the latter requested that he call his brother's attention to the agreement and that Mr. Jones get Mr. Vizard to deed Corley an interest in the mineral rights. Had the witness delivered said message to his brother and had the latter assented to the correctness of the Corley statement of what the contract was, it was inadmissible for the reasons we have stated and for the further reason that a former agent could not so bind his principal after the act of sale was consummated. A. G. S. R. R. Co. v. Hawk, 72 Ala. 112, 117, 47 Am. Rep. 403.

[9-11] Complainant's counsel admit that Vizard was ignorant of any fraud, if such was practiced by Jones. They call attention to letters before the purchase (1908) in which Jones wrote Vizard about the lands; to Vizard's reply authorizing its purchase at the designated price; to Jones' reply to Vizard stating that no doubt there was some mineral on the land, that Corley was anxious to reserve it, and for this reason he believed that Corley would cut the price for such reservation, but that Jones had stated to Corley that he did "not want any disturbance of that sort." A reference to Jones' letter to Vizard of February 11, 1908, will show Corley's anxiety to reserve the minerals, but that Jones had stated to Corley:

"I could not do this, but I am going over tomorrow to close the trade and I thought of making this trade with him. If he can sell the mineral for a satisfactory price, he can have one-half the proceeds of sale. * * * Hence I think it will not be amiss to have this agreement. It need not be put in the deeds, but be understood outside. You could execute this agreement after the title has vested in you."

Vizard's reply, dated February 14, 1908, was:

"In regard to the mineral rights on the Corley land, I am willing to accept your suggestion that if Corley sells the mineral rights that I would give him one-half the proceeds."

Though this was of the date of the deeds to Vizard by Castleberry, Parker, the Dardens, the Scroggins, Field, T. B. and M. F. Jones, and the Van Sandts, it was before the corrected deed of Corley to Vizard, dated February 22, 1908. The presumption is that Vizard's letter of February 14, 1908, by due course of mails (Holmes v. Bloch, 196 Ala. 322, 326, 71 South. 670), reached Jones prior to the execution of Corley's deed to Vizard and before the deeds of said other grantors were delivered by Corley to Jones for Vizard. In Jones' letter transmitting said deed to his principal no reference was made to the reservation of mineral rights. On February 19, 1908, Vizard wrote Jones inclosing checks for the agreed purchase price of the several tracts of land, and no reference was made to such reservation. On the same day Vizard wrote Jones calling attention to a mistake in the Corley deed, asking its correction, and again there was made no reference to reservation of mineral or other interests in the lands. The deed was re-executed, and no reservation of mineral rights was included therein. On February 22, 1908, Jones wrote Vizard saying that Corley and wife had corrected the deed, which had been duly filed for record, etc., and again there was no reference to mineral or other reserved interests in the lands. On November 10, 1910, Jones wrote to Vizard Investment Company as follows:

"You will remember that at the time we purchased the W. J. Corley lands, there was some sort of an understanding that if he should sell the minerals within a time stated, he was to receive one-half of the price. He still hopes to make the sale and reap the reward. I hand you letter for your consideration, which please return to me."

The letter so inclosed by Jones, from one Kaufman had reference to the purchase of mineral rights in Vizard's lands. Vizard's reply suggested that he did not think his agreement with Corley was perpetual, and, since nearly three years had elapsed, the matter should be at an end, and asked Jones if he did not think this was the effect of the promise to allow Corley the right to sell minerals within a stated time. On November 30th thereafter, Vizard again wrote Jones, saying:

"We notice that you returned to us your letter (of February 11, 1908) regarding the Corley mineral rights, without comment on the same. It is not our idea to take advantage of any one, or to in any manner place you in a false light with Corley as having to go back on your word."

Replying thereto December 1st, Jones said:

"Your views of the contract are correct. It is my recollection that you only gave him two years in which to sell the mineral and when he failed to sell within that time he applied to me to help him in having the time extended. I sent him your letter and have not heard from him."

This correspondence was competent and relevant testimony on the issue of fraud. Baldwin v. Ashby, 54 Ala. 82. There was evidence tending to show that such declarations were made by Jones in the discharge of the duties of his agency and so connected with the main transaction in issue as to constitute a part thereof. Southern Ry. Co. v. Fricks, 196 Ala. 61, 65, 71 South. 701; A. G. S. Ry. Co. v. Hawk, supra.

The fact that Jones had a compensation of 20 cents an acre regardless of the purchase price of the land, with the other evidence, does not show corrupt intent on his part to induce the consummation of the sale by Corley. Being dead, it would be charitable to charge Jones with negligence rather than corruption, if his promises to Corley were not fulfilled. Jones thought little of the mineral rights and attached no importance to the discussions of Corley as to the same or his ability to procure purchasers therefor. This he stated to his principal. In his letter of November 30, 1910, Vizard gave opportunity for Jones to relieve himself of any embarrassment, if such there had been, as to reservation of mineral rights in the land. There was nothing to indicate that at such time Vizard would not have executed to Corley a deed to a one-half interest in the minerals, if Jones had stated that such was his

promise, and this regardless of whether Vizard could have been forced at law to convey such interest. Of this he wrote:

"It is not our idea to take advantage of any one, or to in any manner place you in a false light with Corley as having to go back on your word."

So much for the moral right finding expression in the correspondence between principal and agent.

[12] Moreover, if the evidence had shown that Jones had kept Vizard in ignorance of the trade actually made with Corley, it would still be short of proving that Corley was ignorant of the law governing the matter; that Jones knew he was ignorant, took advantage of such ignorance, and misled him in such wise as that the legal effect of the misrepresentation (if such there was) amounted to a fraud. Georgia Home Ins. Co. v. Warten, 113 Ala. 479, 498, 22 South. 288, 59 Am. St. Rep. 129.

[13-15] If there had been a trust declared in the land, Corley could not recover. · In Manning v. Pippen, 95 Ala. 537, 544, 11 South. 56, 58, it was said:

"A parol trust will not be ingrafted on a legal title, evidenced by an instrument of conveyance absolute on its face, except with the greatest caution, and where the fraud necessary to give rise to the trust is established by clear and convincing proof; and * * * when relief is seasonably sought after discovery of the fraud."

It is established in this jurisdiction that a party declaring to have been defrauded must act with promptness on its discovery and before the witnesses have died. Lockwood v. Fitts, 90 Ala. 150, 154, 7 South. 467; Howls v. N. B. L. Co., 95 Ala. 369, 390, 11 South. 15; Allgood v. Bank of Piedmont, 115 Ala. 425, 22 South. 35; Coleman v. First Nat. Bank, 115 Ala. 307, 22 South. 84; Stephenson v. Allison, 123 Ala. 439, 447, 26 South. 290; Dean v. Oliver, 131 Ala. 634, 638, 30 South. 865. He has not done this, but delayed for more than seven years after his right, if he had any, had accrued and until after Jones' death, to file his bill. If he had a right seasonably to enforce a trust after the execution of the conveyances in February, 1908, it may not be done now. Under a long line of well-reasoned authorities, if he had such right he has lost it by laches. Rives v. Morris, 108 Ala. 527, 531, 18 South. 743; Hauser v. Foley & Co., 190 Ala. 437, 441, 67 South. 252; De Graffenried v. Breitling, 192 Ala. 254, 258, 68 South. 265; 5 Pom. Eq. Jur. § 21.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.